# IN THE UNITED STATES DISTRICT COURT

## FOR THE __Western__ DISTRICT OF TEXAS

__Austin__ Division

FILED

SEP 1 0 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
/DEPUTY CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

__Tony Ray Coleman__

**PETITIONER**
(Full name of Petitioner)

vs.

__Janie Cockrell__

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

__TDCJ - ID__

**CURRENT PLACE OF CONFINEMENT**

__# 416086__

**PRISONER ID NUMBER**

# A02 CA 578 JN

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

(If you are attacking a judgment for a sentence to be served in the <u>future</u>, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the <u>future</u> under a federal judgment which you wish to attack, you should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment.)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

Rev. July 12, 1999

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check only one)

☐ A judgment of conviction or sentence, probation or deferred-adjudication probation (Answer Questions 1-4, 5-12 & 20-23)

☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14, & 20-23)

☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   _147 District Court, Travis County, Texas._

2. Date of judgment of conviction: _11th day of February 1986_

3. Length of sentence: _30 years confindment_

4. Nature of offense and docket number (if known): _Burglary of A Habitation 80.100_

- 2 -                                                    CONTINUED ON NEXT PAGE

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)

   ☑ Not Guilty    ☐ Guilty    ☐ Nolo contendere

6. Kind of trial: (Check one)    ☑ Jury    ☐ Judge Only

7. Did you testify at the trial?  ☐ Yes    ☑ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   _____Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed):_____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____Cause Number (if known):_____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☐ Yes    ☑ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _147th District Court_____

    Nature of proceeding: _11.07 Habeas Corpus_____

    Cause number (if known): _80,100-A_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

02-01-02

Grounds raised: _14th Amendment Due Process, Liberty interest in parole, Ex post facto prohibitation_

<u>Date</u> of final decision: _May 29th, 2002_

Name of court that issued the final decision: _Court of Criminal Appeals_

As to any <u>***second***</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

<u>Date</u> of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐ Yes ☑ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)     Give the date and length of the sentence to be served in the future: _____

_____

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐     Yes          ☐     No

## Parole Revocation:

13.     Date and location of your parole revocation: _06 - 29 - 01 Travis County Correctional Complex_

14.     Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐     Yes               ☐     No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes          ☐ No

16.     Are you eligible for mandatory supervised release?          ☐ Yes          ☐ No

17.     Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____

Disciplinary case number: _____

18.     Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?          ☐ Yes          ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐     Yes               ☐     No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____

_____

Date of Result: _____

Step 2 Result: _____

_____

Date of Result: _____

**All applicants must answer the remaining questions:**

20.  State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
<u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
<u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT CHECK ANY OF THE LISTED GROUNDS</u> or the petition will be returned to you. If you select one or more of these grounds for relief, you must allege facts.

(a)  Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by the use of a coerced confession.

(c)  Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)  Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)  Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

CONTINUED ON NEXT PAGE

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

A.    **GROUND ONE:** 14th Amendment due process of law.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Petitioner was denied a hearing to challenge the imposition into Sex Offender Program when he has never been convicted of a Sex offence.

B.    **GROUND TWO:** 14th Amendment Liberty interest 5th Amendment

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Petitioner has a Liberty interest in being free from Sex Offender Program which required his attendance in Sex classes, and to register as a sex offender.

C.    **GROUND THREE:** 14 Amendment due process of law

CONTINUED ON NEXT PAGE

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner was taken to a parole Revocation hearing and his parole was revolked for not attending Sex offender Classes. as a Result, The TEXAS parole Board tak 17 years good time. and Returned petitioner to prison

D. **GROUND FOUR:** EX Post Facto Prohibitation

Supporting FACTS (tell your story briefly without citing cases or law):

The TEXAS Legislature passed a law Retroactive to 1970 Requiring Convicted Burglars to Register and attend Sex Classes if their Conviction invoked violance. This statute was applied to the petitioner and Violated his mandatory Supervision agreement.

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐ Yes   ☑ No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

CONTINUED ON NEXT PAGE

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐ Yes    ☒ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes    ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled to.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _08 -03 -02_ (month, date, year).

Executed on _08 - 30 - 02_ (date).

_Jan Ray Coleman_
Signature of Petitioner (required)

Petitioner's current address: _Ramsey 1# unit, 1100 F.M. 655,_
_# ID 416086 Rosharon, Texas 77583_

August 30, 2002

## COVER LETTER

CLERK OF THE COURT
FEDERAL COURT
FEDERAL COURT HOUSE
PRICE DANIEL SR. BLDG.
209 W. 14th and COLORADO ST.
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548

SINCERELY YOURS
#416086
~~Tony Ray Coleman~~
~~Tony Ray Coleman~~
Ramsey 1st UNIT
1100 FM 655
ROSHARON, TX 77583

RE: COLEMAN V. CORNYN   CASE NO. _____

DEAR CLERK:

PLEASE FIND ENCLOSED FOR FILING in the above ENTITLED MATTER an ORIGINAL and TWO COPYS OF THE FOLLOWING: MEMORANDOM OF LAW, BRIEF in SUPPORT OF MEMORANDOM, WRIT application, FORMA PAUPERIS, INMATE DECLIRATION, EXHIBITS, LETTER REQUESTING appointment OF COUNSEL, and PROOF OF SERVICE.

ONCE YOU HAVE FILED THE above a COPY OF THE PETITION and THE SUPPORTING DOCUMENTS SHOULD BE RETURNED TO THE UNDER-SIGNED in his self addressed ENVELOPE.

August 30, 2002

Tony Ray Coleman #416086
Ramsey 1# Unit.
1100 F.M. 655
Rosharon, Texas 77583

CC: Attorney General[2]

TO THE Honorable Judge OF Said Court:
Federal District Judge.

RE: STATE OF TEXAS V. Tony Ray Coleman. CASE NO.
_____.

    Your honor I the undersigned, hereby under the penalty of perjury that the following facts are true:

(1) I am the defendant in the above-named matter and desire the assistance of counsel in these proceedings.

(2) The issues now brought before this court has not been previously been presented to this court.

(3) The issues before this court are meritorious.

(4) I represent to the court that I am without money to retain a attorney.

Therefore, I pray the court provide counsel on my behalf.

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

## PROOF OF SERVICE

I, the undersigned, hereby certify under the penalty of perjury that on August 30th, 2002, a copy of Memorandom of Law, Brief in support, Appendix, 38 Exhibits, Letter requesting counsel, and 2254 applications has been served on opposing party, Attorney General for the STATE OF TEXAS, Federal Courthouse, Austin, Texas 78711. P.O. Box 12548, by placing said documents in a properly addressed envelope with postage prepaid at the Unit Law Library.

Tony Ray Coleman

\# 416086. Tony Ray Coleman
Ramsey 1\#, ~~E.III.~~ 1100 F.M.; 655
Rosharon, Texas 77583

# IN THE UNITEDSTATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

TONY COLEMAN
PETITIONER

CIVIL ACTION NO.

VS.

JANIE COCKRELL, DIR * (TDCJ-ID)

**

## PETITIONER MEMORANDOM OF LAW IN SUPPORT OF WRIT OF HABEAS CORPUS

NOW COMES, Tony Ray Coleman, Pro'se, in the above forgoing cause of action and Files this his <u>MEMORANDOM OF LAW in Support OF PETITION OF HABEAS CORPUS</u>, Pursuant to U.S.C.A. title 28 USC * 2254 and in support thereof would show the Court as Follows:

### CONFINEMENT and RESTRAINT

PETITIONER is being detained by the director of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, at the Ramsey 1# Unit in, BRAZORIA

County, TEXAS. by Virtue OF a White warrant issued 07-09-2001 under Cause No. 80,100 For Burglary of Habitation 30 year Sentence, unit warden TERRy Foster.

2). Petitioner States this is not an attack on his Conviction under Cause 80.100, but an attack on the Fact of his Confindment as a Result of a Parole Revocation hearing For not attending Sex Offender classes.

3). Petitioner was denied Procedural due process to challenge Sex Offender imposition.

4). Petitioner was illegally Forced to comply with Sex Offender Program, And Sex Offender Registration.

5). Petitioners parole Revocation hearing was illegal.

6). The Status placed on Petitioner Violated EX Post Facto Clause of the UNITED STATES Constitution.

7). Petition has exhausted all state Remedies available as to the issues Raised herein, by taking the following steps:

a). Petitioner objected to the parole violation allegation by denying the allegation of attendance to Sex Offender classes. See Exhibit #23.

B). Petioner filed a motion to reopen parole hearing. See Exhibit #29.

C). Petitioner presented 4# Four issues in a Petition a petition for Writ of Habeas Corpus in State District Court 147 District Court Austin, TX. Trial Court No 80.100-A.

D). Petitioner presented the same 4# four issues to the Court of Criminal Appeals on the 18th of April, 2002 Writ No. 52.281-01.

E) Petitioner was informed that this Court of Criminal Appeals denied the Writ without a written order on June 25th, 2002.

8). Petitioner has no previous petition pending in any court.

9). Petitioner is serving two other sentences run concurrent with his 30 year sentence for Burglary.

10). This Court has jurisdiction over the petition and the issues raised pursuant to 28 USC

Sec. 2254 and 2254(d)(1).

11). Petitioner incorporates by REFERENCE the BRIEF in Support OF Petition For Habeas Corpus.

Wherefore, Petitioner Tony Ray Coleman moves this Honorable Court to grant the following Relief:

a). Place Petitioner back on MANDATORY Supervision and Release Petitioner to such Supervision.

b). RESTORE 17 SEVENTEEN YEARS good Time as a Result OF Revocated parole.

c). Order parole board to take Petitioner OFF Sex OFFender Status.

D). Require the Respondant to answer all the allegations in this Petition and the BRIEF IN support.

E). Hold such Evidentuary Hearing as this Court may deem NECESSARY OR appropreate.

F). Issue an order that this Court WILL FREE Petitioner From his UNCONSTITUTIONAL Confindment.

G). Issue order to RESTORE 17 SEVENTEEN YEARS of goodtime.

H). Issue an order directing the Pardons and Parole Division of Texas to take petitioner off sex offender status.

Date 8.30-02
August 30th, 2002

Tony Ray Coleman

Tony Ray Coleman
TDCJ-ID # 416086
Ramsey 1 Unit
1100 F.M. 655
Rosharon, TX 77583

## Certificate of Pro Se Counsel

Tony Ray Coleman, Pro Se, hereby certifies that the statement of facts in the accompanying petition and brief in support are <u>true</u> to the best of his knowledge, and the statement made on information and brief in support are true to the best of his knowledge.

Respectfully submitted

Tony Ray Coleman

08-30-02

# United States District Court
# Western District Of Texas
# Austin Division

Tony R. Coleman
    Petitioner

      V.

Janie Cockrell, Dir * (TDCJ-ID)

CIVIL ACTION NO.

# Brief In Support Of
# Petitioner's Writ Of Habeas Corpus

Tony R. Coleman

Address: Ramsey 1# Unit
         1100 FM 655
         Rosharon, Texas 77583

# Table of Contents

Table of Contents . . . . . . . . . . . . . . . .

Index of Authorities . . . . . . . . . . . . . .

Statement of Questons Presented . . . . . . . . .

Statement of Facts . . . . . . . . . . . . . . .
Discussion . . . . . . . . . . . . . . . . . . .
Arqument . . . . . . . . . . . . . . . . . . . .

I. Petitioner was denied procedural due process and the right to challenge the imposition to place the petitioner on sex offender treatment program.

II. Petitioner was illegally forsed to comply with two special conditions: sex offender program and sex offender registration.

III. Petitioner's Parole Revocation hearing was illegal which relied on parole conditions that do not apply to petitioner.

**IV.** Parole Board illegally applied sex offender status to petitioner in violation of Ex Post Facto clause.

# Index Of Authorities

Addington V. Texas 441 U.S. 418, 426, 99 S.Ct. 1804, 60 L.Ed. 2d 323 (1979).

Calder V. Bull, 3 U.S. (3 Dall.) 386, 391, 1 L.Ed. 648 (1798).

California Dep't Of Corrections V. Morales 514 U.S. 499, 504, 115 S.Ct. 1597, 1600, 131 L.Ed. 2d 588 (1995).

Chambers V. Colorado 205 F. 3d 1237 (10th Cir 2000).

Collins V. Youngblood, 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed. 2d 30 (1990).

Doe1 V. Otte 259 F. 3d 979 (9th Cir 2001).

Fletcher V. Peck, 10 U.S. (6 Cranch) 87, 138, 3 L.Ed. 162 (1810).

Goldberg V. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.

Hamilton V. United State 67 F.3d 761, 764 (9th Cir 1995).

Hewitt V. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed. 2d 675 (1983).

Joint Anti-Fascist Refugee V. Mc Grath 341 U.S. 123.168. 95 L.Ed. 817, 852. 71 S.Ct. 624 (1954).

Kennedy V. Mendoza-Martinez. 372 U.S. 144, 169, 83 S.Ct. 554, 9 L.Ed 2d 644 (1963).

Kentucky Dept Of Corrections V. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed. 2d 506 (1989).

KiRby V. SiegeLmaN , 195 F. 3d 1285, 1292 (11th cir 1999).

MeAchum V. FANo 427 U.S. 215 96 S.Ct .2532, 49 L. Ed 2d 451 (1976).

MiLLeR V. FLoRidA 482 U.S. 423 ,430, 107 S.Ct. 2446, 2450 , 96 L. Ed 2.d 351 (1987).

MoRRissey V. BReweR 405 U. S. 471 ,486, 488 - 489 , 92 S.Ct. 2593 , 33 L.Ed.2d 454 (1972).

NEAL V. ShimodA , 131 F.3d 818 , C.A.9 (1997).

UNiTEDSTATES V. BASS ,404 U.S. 336 ,347- 49, 92 S.Ct 515 at 522-523 (1971).

UNiTEDSTATES V. LANieR 47. S.Ct.1219 at 1225 (1997).

U. S. V. MENAsche 384 U.S. 528, 538- 39 , 75 S.Ct. 513, 520 , 99 L. Ed 2d 615 (1955).

UNITED STATES V. PASKOW 11 F. 3d. 873 (9th Cir 1993).

UNITED STATES V. WARD 448 U.S. 242, 248, 100 S.Ct. 2636, 65 L. Ed 2d 742 (1980).

UNITED STATES V. WILSON 916 F. 2d 415 at 462.

TRIRSTMAN V. UNITED STATES 124 F.3d 361 at 375 (2nd Cir 1997).

VITEK V. JONES 445 U.S. 480 .100 S.Ct. 1254, 63 L.Ed.2d 552 (1980).

WOLFF V. McDONNELL, 418 U.S. 539, 94. S.Ct. 2963, 41 L. Ed 2d 935 (1974).

## UNITED STATES CONTITUTIONAL Amend.

U.S. Const. Amend. 14 - - - - - - - - - - -

U.S. Const. Amend. 5 - - - - - - - - - - -

U.S. Const. Amend. Art 1 sec 9 cl. 3. - - - -

28 U.S.C. 2254 -------- - - - -

28 U.S.C. 2254 (d) (1) -- - - - - - - - -

# TEXAS CONSTITUTONAL

## Amend.

TEX. Const. Amend. 1 sec 19. -------

TEX. Const. Amend. 4 sec 11. ------

## TEXAS Code OF Criminal

## Procedure.

TEX. Code Crim. Pro. Art 62.01 (5) (D).

Paragraph (A) and (C). ------------

## TEXAS Penal Code

Penal. Code 30.02 (D). --------

## TEXAS Guvernment Code

508.147 Gove. Code

508.149 Gove. Code

508.187 Gove. Code

508.154 Gove. Code

508.187 Gove. Code

508.225 Gove. Code

## TEXAS ADMINISTRATIVE CODE

37.T.A.C. 149.1

## STATEMENT OF QUESTONS PRESENTED

① Weather Parole Board denied petitioner Procedural due process of Law by; Not allowing the petitioner a hearing adversarally to challenge the <u>SEX OFFENDER STATUS</u>.

### "ANSWER"

The parole board did deny petitioner Procedural due process to challenge the imposition of <u>SEX OFFENDER</u> status. According to the Supreme Court the petitioner is

Constitutionally entitled to all the processes due under the standard set forth in WOLFF V. McDONNELL, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The petitioner in this cause of action has never been convicted of a sexual offence and should be afforded an opportunity to formally challenge the imposition of the "Sex Offender" label in an adversarial setting. See NEAL V. Shimoda, (C,A, 9 (Hawai'i) 1997), (F.N.15).

②     Weather the parole board illegally forced the petitioner to comply with special conditions: Sex offender program, and Sex offender Registration when the petitioner had only been convicted of "Burglary Theft."

# "Answer"

The Parole board has illegally appled these conditions of Sex Offender status because in Poskow 11. F. 3d at 878 it States: "Because parole eligibility is part of the Sentence for the underlying offence, its terms and conditions are fixed at the moment the underlying offence is complete. Therefore, like the length of a term of incarceration, the conditions affecting parole eligibility cannot be retrospectively altered" Id. at Paskow 11 F. 3d at 879.

③   Weather petitioner's parole Revocation hearing was illegal.

# "ANSWER"

"YES" The parole hearing was illegal because the condition imposed on the petitioner are not applicable and the parole board revolked the petitioner's parole for not attending sex offender classes which do not apply to the petitioner. The petitioner was convicted of (Burglary) with the intent to committ theft see TEXAS. PENAL. Code 30.02, and EXHIBIT # 1, 2, and 3 in the appendix.

The petitioner's Attorney at the parole Revocation hearing PETTER L, BLOODWORTH attempted to inter these facts as RELEVANT, material, and NON-cumlative, with such a denial this affreted procedural due process which rendered the parole hearing illegal. SEE <u>WOLFF V. MC DONNELL</u> 418 U.S. at 563. 94 S.Ct. at 2978; <u>MORRISEY V. BREWER</u>

, 405 U.S. 411, 486, 489, 92 S. Ct 2593, 33 L. Ed. 2d 484 (1972).

(4).    Weather the parole board can apply chapter 62.01 Sex Offender Registration Retroactively to the petitioner.

## "Answer"

Chapter 62.01 (5) (D) can not be applied to the petitioner, because this chapter do not apply to the petitioner in that the petitioner has never been convicted of a sexual offence.

This Sex offender Law, created by statute, is a Law For Ex Post Facto purposes, and the petitioner's conviction accured before the inactment of this Sex offender Law made effective September 1st 1997. This Law is a disadvantage to the petitioner because of its attachments and stigmatizing consequences see U.S.C.A. Art 1. Sec 9. Cl. 3.

See Hamilton V. UNITED STATES 67 F. 3d 761, 764 (9th CiR).

## STATEMENT OF THE CASE

Petitioner Filed his 11.07 on Feburary 01, 2002 in the 147th District Court Cause # 80-,100-A See EXHiBiT #32 in the appendix.

ON April 18th, 2002 the Court of Criminal Appeals Recieved petitioner's 11.07 Trical Court NO. 80,100-A and affixed WRiT NO. 52,281-01. See white card EXHiBiT #35 in the appendix.

ON MAY 29th, 2002 the Court of Criminal Appeals denied petitioner's 11.07 without a WRitten order under trical Court NO. 80,100-A and WRiT NO. 52,281-01 See white card in appendix EXHiBiT #36.

# STATEMENT OF FACTS

## A. Statement of proceedings:

Petitioner Tony Ray Coleman was Jury Tried in Travis County District Court 147th before the Honorable Mace B, Thurman. Petitioner was convicted of Burglary of a Habitation with the intent to committ Theft. a Violation of Section 30.02 (Burglary) Texas Penal Code. See Exhibits #1, #2, and #3 in the appendix. Under this conviction a 30 year Sentence was assessed and the petitioner has parole twice before, under this conviction in Cause No. 80.100 See Exhibit #4, and 5# in the appendix.

After the petitioner was released in 1991, he then was charged with Aggravated Sexual Assult of a Child See Exhibit #6 in the appendix in 1992 and as a Result D.N.A. Testing that yielded 99.9 Non-Conclusive which Resulted in the charges being dismiss. See Exhibit #7 in

The appendix. Petitioner was then returned to prison on his second parole violation on <u>October 8th, 1992</u> for being arrested for aggravated sexual assault of a child. See Exhibit #8 in appendix.

Petitioner was then released on <u>Mandatory Supervision</u> on <u>01-17-01</u> to the Del Valle Correctional Complex which recieves and houses Sex Offenders being Released from TDCJ-ID See Exhibit #30 in the appendix. Apone Release on <u>01-17-01</u> the petitioner was given two Parole Conditions not consistant with sex offender, see, Exhibit #9.

After petitioner was at the halfway house for About 30 days he was submitted for special Condition imposition into the Sex Offender program See Exhibit #10 in the appendix.

<u>On Feburary 22, 2001.</u> The petitioner defected from the Del Valle Correctional Complex because he was grief stricken from the death of his mom, Cumlative with the fact that the

Petitioner was transported every day with all the other SEX OFFENDERS from the halfway-house-Jail to the parole office, and then sent on Job Search, then the petitioner returned each day to the parole office after Job Search and then was transported back to the DEL VALLE CORRECTIONAL COMPLEX stripped search and stayed in this Jail over Night. This process was Repeated each day. See EXHIBIT #11, and #12 in appendix.

ON FEBURARY 23rd, 2001. Petitioner had a warrant issued against him for leaving the halfway house during Job Search. See EXHIBIT #11, and 12 in appendix.

ON FEBURARY 27th, 2001. The parole board imposed Special Condition "X" SEX OFFENDER program and special Condition "M" SEX OFFENDER Registration See EXHIBIT #10 in appendix. There was no hearing held with petitioner presence.

ON MARCH 19th, 2001. Parole officer Randy Marino came to the petitioner and had the petitioner

Sign special condition "8P" mental Health/ mental Retardation as a Result of the petitioner leaving the Halfway house — Jail facility which the board imposed see exhibit #12 in appendix also exhibit #13 and #31. The parole board minutes reflect only 8P was imposed and Not "X" and "M" as a Result of the petitioner leaving the half way house, however the parole officer told the petitioner if he did Not sign the acknowledgement form for "M" Sex Registration and X Sex offender program that he would take the petitioner to a parole hearing for Not complying.

ON APRIL 3Rd, 2001. Parole officer Sereta Davis told the petitioner if he did No sign all the condition by inital she would beleave the petitioner was Not trying to Cooperate because iRRequardless of petitioners signatuee the conditions are effective anyway see exhibit #14 in appendix.

ON APRIL 3Rd, 2001 The petitioner was Referred by Parole Officer to see Sex Therapist. See EXHIBIT #15 in appendix.

ON APRIL 25th, 2001 The petitioner was taken to the Austin police Department to Register as a Sex OFFender. See EXHIBIT #16 in appendix.

ON April 11th, 2001. The Petitioner was a NO-Show to see Sex Offender Therapist See EXHIBIT #17 in appendix. also See EXHIBIT #18 in appendix.

ON May 3Rd, 2001. petitioner was Verbally warned to attend Sex OFFender classes. See EXHIBIT #19 CASE CONFERANCE. in appendix.

ON May 14th 2001. Petitioner was instructed to attend another Sex Therapist T. C. Saathoff and was intentionally Late. See EXHIBIT #20, and #21 in appendix.

ON May 16th 2001. Parole Board issued a Warrant to arrest petitioner For Not attending Sex Offender Classes See EXHIBIT #22 in appendix.

ON June 29th The petitioner was taken to a parole hearing For Not attending sex Offender Classes See EXHIBIT #23 in the appendix.

ON July 9th, 2001. The petitioner parole was Revolked For Not attending Sex Offender Classes See Exhibit #23, 24, 25, and 26 in the appendix.

At the parole hearing held on June 29th, 2001. The parole Board admitted different types of documents, one document shows that the charges had been dismissed see Exhibit 26 in appendix, another document states that the Sex Therapist Solomon "Joe" Arkeen thinks an evaluation of the petitioner For Involuntary Commitment Should Not be Ruled Out see Exhibit #24 in appendix

ON July 9th, 2001. A white warrant was issued to Return The petitioner to TDCJ-ID see Exhibit #27 in appendix.

ON July 13th, 2001. The petitioner was Notified that he could appeal the board's dicision to Revolk his parole. See Exhibit #28 in appendix.

ON July 25th, 2001. The petitioner Filed a motion to Reopen his parole hearing. See Exhibit #29 in appendix.

ON December 9th, 2001. While petitioner was in Jail at the DELVALLE CORRECTIONAL Complex he Requested through an inmate Request to SEE IF DELVALLE CORRECTIONAL Complex houses SEX OFFENDERS Recieved from the TEXAS Department OF CRIMINAL Justice. See EXHIBiT # 30 in the appendix.

The petitioner Requested additional information Parole Board munites they Reflect the conditions Placed on petitioner apone Release, it Reflects condition B P mental Health/ mental Retardation assistance, and Not special condition "X" SEX OFFENDER program, and condition "M" SEX OFFENDER Registration. See EXHiBit # 31 in appendix

The petitioner would show that No where in the parole board minutes does it Reflect a documentation of special condition to impose SEX OFFENDER Status. See EXHiBit # 31 in appendix.

## "Discussion"

### Petitioner Was Denied Procedural Due Process Under The 14th Amendment to The UNITED STATES CONSTITUTION as The Right To Challenge The Imposition to Place the PETITIONER ON SEX OFFENDER TREATMENT PROGRAM

A parolee has the Right To CHALLENGE SEX OFFENDER Status in a adversarial hearing if he has NEVER been CONVICTED OF a Sexual OFFENCE. PETITIONER TONY RAY COLEMAN was RELeaseD aFTer Serving a 30 YeaR SENTANCE FOR burglary OF a habitation PETITIONER SERVED a total OF 13 YeaRs CALNDER YeaRS SEE EXHIBIT #1, 2, and 3 in appendix.

Apone Release PETITIONER was given two conditions ON Janurary 17th, 2001; To go to the DELVALLE CORRECTIONAL COMPLEX a Jail Facility in TRAVIS County TEXAS, and to get a TEXAS Identification this Jail Recieves Sex OFFENDERS From the TEXAS

Department of Criminal Justice Division
See Exhibit # 9 in appendix.

Under <u>Wolff V. McDonnell</u>, The petitioner is Constitutionally Entitled to all the processes due under the standard set forth in <u>Wolff V. McDonnell</u> 418 U.S. 539. 94 S.Ct. 2963, 41 L.Ed. 2d. 935 (1974).

See <u>Sandin</u>, 515 U.S. at 482, 115 S.Ct. 2300 ("The time has come to Return to the due Process principles we believe were correctly Established and applied Wolff and Meachum")

On <u>Feburary 16th, 2001</u> The petitioner was imposed through an imposition by the Texas Parole Board For Sex Offender Status, The Parole Board Concurred with the imposition on Feburary 27th 2001. Under <u>Wolff</u> some Procedural Protection should be afforded to the petitioner before he can be placed on Sex Offender program and never has been Convicted of a sexual offence.

The 9th Court of Appeals established in Neal V. Shimoda 131 F.3d 818 that under WOLFF V. Mc DONNELL That prison authoritys that intend to classify a inmate as a SEX OFFENDER is ENTITLED to a hearing at which he must be allowed to call WITTNESSES and present documentation and evidence in his defence, although the petitioner was not a prisoner in a penal institution at the time of said classification, he was a PAROLEE STILL in the custody of TRAVIS County Correctional Complex which is a Jail under Jail Standards.

In all light of this the petitioner was still a prisoner after his release on January 17th 2001.

In Kentucky Dept of Corrections V. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed 2d 506(1989); The court discussed an inmates Liberty interest at length

holding that a statute creates such an interest by "establishing substantive predicates to govern official decision-making" and "by mandating the outcome to be reached upon a finding that the relevant criteria have been met." Thompson 490 U.S. at 462, 109 S.Ct. at 1909. Chapter 62.01 of the Code of Criminal Procedure TEXAS establishes a substantive predicate, and mandates an outcome that are not applicable to the petitioner.

In the petioner's situation; The subsantive predicate is the labeling of him a SEX OFFENDER. Now that this has been done, and the labeled inmate—parolee successfully complete the specified TREATMENT PROGRAM in order to keep parole after being released on mandatory supervision.

The court in the 9th CIR court of Appeal's in Neal v. Shimoda 131 F.3d 818, concluded that

the Liberty intrest impacated by the SEX OFFENDER treatment program is not mearly the requirement that sex offender complete the specified treatment program. IF that was all that was at stake, it could not probably not say that a Liberty intrest had been created, given the fact that prisons frequantly maintain treatment and behavioral programs. The queston is the stigmatizing of the attachment of the "SEX OFFENDER" that impacates a Liberty interest.

The petitioner was paroled on January 17th, 2001. under Mandatory Supervision TEXAS. GOVERNMENT. Code. 508.147 that relies on Terms such as:

a). Except as provided by Section 508.149 Gove. Code a parole panal shall order the release of a inmate who is not on parole to mandatory supervision when the actual calender time the inmate has served plus any accured good conduct time equals the term to which the

inmate was served.

b). An inmate Released to be on Mandatory Supervision is considered to be on parole.

c). To the extent practicable, arrangements for the inmates proper employment, maintenance, and care must be made before the inmates Release to mandatory supervision see Exhibit #9 in appendix.

The petitioner was given all the _Legal_ conditions placed on him allowed by the Law under TEXAS Administrative Code Sec. 149.1 apone Release.

Under Jones V. Puckett 160 F. Supp. 2d 1016 (W.D. 2001). The Supreme Court held the Stigma of the commitment "Can have a very Significant impact on the individual", id, at 492, 100 S. Ct 1254 (quoting _Addington V. TEXAS_ 441 U.S. 418, 426, 99 S. Ct 1804, 60 L. Ed. 2d

323 (1979) and that the compelled treatment in the form of behavioral modification programs are proper factors to be taken into consideration by the district court, id. Using VITEK as its guide, the 9th court of Appeals held that Hawai'i could not classify inmates as a Sex Offender and mandate their participation in treatment programs as a condition for parole and community notification upon release. In these circumstances, the court was satisfied that the labeling exceeded "The sentence imposed by the court." id. at 1291 holding a hearing the court held that it must provide a hearing and the hearing had to comply with the standard set forth in WOLFF 418 U.S. 539, 94 S.Ct. 2963.

In CHAMBERS V. COLORADO, 205 F.3d 1237 (10th Cir 2000) This court of Appeals

Reached a Result Similar to <u>NEAL</u> iN NEAL V. Shimoda 131 F.3d 818: Chambers stated that the stigma of classification as a SEX OFFENDER plus the opportunity to earn goodtime. The Court's view that Chambers had a Liberty in avoiding the label as a SEX OFFENDER and its mandatory consequences that required the COLORado Department OF CORRECTIONS to afford him a hearing at which he could challenge the Label.

In Kirby V. Siegelman, 195 F.3d 1292 (11th Cir 1999), a PER CURiam Court held that "The Sigmatizing effect of being classified as a Sex OFFENDER constitutes a deprivation OF Liberty under due process clause." The Language suggest that Nothing more than the Label is Required to Raise a Liberty intRest carried with the Consequences OF participation in Sex OFFENDER TREatment Sessions.

[ The denial OF a hearing to challenge the Sex OFFENDER imposition Violated the FederaL

constitution juarentee of due process U.S. CONST. Amend XIV. Not allowing the petitioner to challenge the imposition directly prejudiced the petitioner. The STATE PAROLE BOARD should be ORDERED to take the petitioner OFF Sex OFFENDER Status and to RELEASE petitioner ON mandatory Supervision ].

## PETITIONER Was Illegally FORED TO Comply With TWO Special Conditions SEX OFFENDER Program, And SEX OFFENDER Registration

A parolee has a Right to NOT attend Sex OFFENDER classes and Register as a SEX OFFENDER when he has NEVER been CONVICTED OF a sex CRIME. The PETITIONER was CONVICTED in 1986 ON Feburary 11th under PENAL CODE OF TEXAS (30.02) (Burglary of a Habitation, with the intent to committ theft SEE EXHIBIT #1, 2, and 3 in appendix.

The STATE DISTRICT COURT and the PAROLE Board RELYs on (Chapter 62.01 of the TEXAS Code of CRIMINAL PROCEDURE, (SEX OFFENDER Program and SEX OFFENDER Registration), in its Legal Standing, and advers that it applys to the petitioner.

UNDER Chapter 62.01 it states that: Chapter 62.01 SEX OFFENDER Registration program includes the OFFENCE OF Burglary within the definition of a Reportable CONVICTION For the PURPOSE OF SEX OFFENDER Registration Requirements in CERTIAN Factual Situations as Follows:

(5) "Reportable CONVICTION OR adtudication" means a CONVICTION OR adtudication, Requardless OF an pendency OF appeal, that is (D) a CONVICTION For a Violation OF Section 30.02 (Burglary), PENAL CODE, "IF the OFFENCE is Punishable UNDER Subsection (d) OF that Section and the defendant Committed the OFFENCE with the intent to Commit a FELONY Listed in paragraph (A) or (C).

See Code Crim. Pro. Art 62.01(5)(D).

Subsection (d) of Section 30.02 (Burglary) states that an offence under this Section is a Felony of the First degree if (1) the premises are a habitation; and (2) party of the offence intered the habitation with the intent to commit a felony other than theft or committed or attempted to commit a felony other than felony theft. See Penal Code, § 30.02 (d). Paragraph (A) of article 62.01(5) states that a Reportable conviction is a conviction for a violation of Section 21.11 (Indecency with a child), 22.01 (sexual assault), 22.021 (Aggravated Sexual assault). or 25.02 (Prohibited Sexual Conduct), Penal Code. Paragraph (C) of article 62.01(5) states that a Reportable conviction is a conviction for a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed the offence with the intent to abuse the victim sexually. The petitioner did not

abuse any one durning his crime. See Exhibit #1, 2, and 3. Artical 62.11 states that Chapter 62 applies only to a Reportable conviction accuering on or after September 1st 1970.

The Supreme Court has held that it further dictates that the language of the statute must be such that men of common intelligence be able to understand its construction see UNITED STATES V. LANiER 117 S. Ct 1219 at 1225 (1997). "The Cardinal Principle of statutory interpretation that the court must give effect," U.S. V. MENASCHE 384 U.S. 528, 538-39, 75 S.Ct 513, 520, 99 L.Ed 2d 615 (1955) That every word and phrase and clause must be given meaning. And any attempt to apply this principle to the statute 62.01 (5)(D) cannot successfully be accomplished and still give meaning to the key dichotomous language.

Some Residual Liberty Remains to the inmate quite apart from any specific State Entitlement see Flax, Liberty, Property, and the Burger Court: Entitlement Doctrine In Transition. 60 T U I. L.R. 889 (1996).

[ The imposition of the SEX OFFENDER program Violated the Federal CONSTITUTION. State Statutes may grant Prisoners Liberty interest that involk due process protection U.S. Const. Amend XIV. Placing the Petitioner under Sex OFFENDER status directly Prejudiced the petitioner. The TEXAS Parole Board should be ordered to Release petitioner and take the petitioner off Sex OFFENDER status.

## Petitioner Parole Hearing
## Was Illegal

Petitioner was taken to a parole Revocation hearing on June 29th, 2001 after being arrested for not attending Sex OFFENDER classes see

EXHIBIT #14 and # 23 in the appendix. In The Course of the parole revocation hearing a Fact Finder was admitted as evidence SEE EXHIBIT #25. These Facts Relyed on are illegal because the application of the Sex OFFENDER Program to the petitioner is illegal Therefore, the petitioner's parole should have not been Revolked.

The petitioner at his parole Revocation hearing was given a attorney Peter L. Bloodworth because the petitioner had been placed on psycheatric care from the parole hearing held on March 8th 2001 SEE EXHIBIT #12. The attorney at the parole hearing held on June 29th, 2001 MR. Bloodworth argued that the petitioner should not have his parole Revolked because the petitioner has never been convicted of a sexual offence and the Sex OFFENDER Program do not apply.

Under <u>Morrissey V. Brewer</u>, 405 U.S. 471, 486, 488-489, 92 S.Ct. 2593, 33 L.Ed. 2d 454 (1972); "Weather any procedural protection are due on the extent to which an individual will be condemed to suffer

grievous loss," <u>Joint Anti-Fasist Committee</u>
<u>V. McGrath</u>, 341 U.S. 123, 168, 71 S.Ct 624, 646,
95 L.Ed. 817 (1951), (Frank Further, J., Concurring
quoted in Goldberg V. Kelly, 397 U.S. 254,
263, 90 S.Ct. 1011, 1018, 25 L.Ed.

The petitioner has suffered a grivious loss
in that he no longer has his freedom, and enjoying
his freedom under his Released Conditions under
Mandatory supervision, he has lost 17 years
of good time as a Result of this frivious
Parole hearing, also the conditions attached
to him are consistant with a <u>Child Safty Zone</u>
see Exhibit #14 in appendix, and Government
Code 508.187.

The Supreme Court has found independant
Constitutional Liberty interest where total Release
from institutional life has been [Revolked] as in
the case of the petitioner, he was Released from
Prison but was still in a Jail facility that
houses sex offenders. The Supreme Court has
Found Constitutional Violations where the Restrictions

imposed go beyond the original condition of confinement SEE MORRISSEY V. BREWER 408 U.S. 471, 92 S.Ct. 25 93, 33 L.Ed.2d 484 (1972).

Liberty interest protected by the fourteenth Amendment may arise from two sources: The due process clause itself and laws of the state see HEWITT V. HELMS, 495 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983) The Supreme Court has found that liberty interest arising out of the due process clause, for petitioner resisting the revocation of parole, see MORRISSEY, 408 U.S. 471, 92 S.Ct 2593.

[The denial of a fair parole hearing violated the federal Constitution guarantee of due process U.S. Const. Amend XIV. The State Parole Board should be ordered to release petitioner from the Custody of the TEXAS Department Criminal Justice, and Restore 17 years good time as a result of the illegal parole hearing for not attending Sex offender classes which do not apply to the petitioner].

# The Sex Offender Status Violated Ex Post Facto Clause Of The United States.

For law to fall within Ex Post Facto Prohibitation Law must be Retroactive, that is, it must apply to events accuring before its enactment, and it must disadvantage the offender affected by it. U.S.C.A. Const. Art. 1, Sec 9. cl. 3. State Sex Offender Treatment Program, created by statute, is Law For Ex Post Facto purpose U.S.C.A. Const. Art. 1, Sec 9, cl. 3.

The petitioner in this cause of action asserts that he was eligable For mandatory supervision at the time of the application of the ex post Facto prohibitation See exhibit #9 in appendix, and in the event he did not comply with the statute in queston

chapter 62.01 (5) (D) of the TEXAS Code of Criminal Procedure inacted and amended SEPTEMBER 1st, 1997. he would be sent back to prison.

Under the Ex post Facto claim the 9th Court of Appeals stated that it was confronted with a two-pronged inquiry "[F]irst, the Law must be Retrospective, that is, it must apply to events accuring before its enactment; and second it must disadvantage the offender affected by it See HAMILTON V. UNITEDSTATE 67. F.3d 761, 764 (9th Cir. 1995) (quoting MILLER V. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 2450, 96 L.Ed 2d 351 (1987).

The practical consequences which follow from the attachment of the label under the imposition into sex offender status has disadvantaged the petitioner because he was instructed to not go around his kids without a sponcer: which is some one who will give clarification that the petitioner can be around the kids or other

children of age # .7 or lower. See all the other condition imposed on the petitioner in EXHIBIT #14.

The Ex Post Facto Clause prohibits states from enacting any Law that "changes punishment, and inflicts a greeter punishment than the Law annexed to the crime when committed", See <u>Calder V. Bull</u>, 3 U.S. (3 Dall.) 386, 1 L.Ed 648(1798). The issue here is weather the Law is punitive, because only punitive statutes implicate the Ex Post Facto. Petitioner now incarcerated for not complying with Sex Offender classes has a punitive effect.

[The application of the Ex Post Facto Law violated U.S.C.A. Const. Art. 1, sec 9, cl. 3 in this cause of action, further, The Law of Sex Offender status under Chapter 62.01 Texas Code Criminal Procedure do not apply to the petitioner because he has never been convicted of a sex offence, which is the main conponent of Chapter 62.01 (5)(D) and

508.187 child safety zone of the TEXAS GOVERNMENT Code. Petitioner now ask this __HONORABLE COURT__ to order the TEXAS BOARD OF PARDONS and PAROLE to RELEASE the petitioner to mandatory supervision, RESTORE 17 years good time, and to take the petitioner OFF SEX OFFENDER status I.

## ARGUMENT

A). Petitioner alleges that the SEX OFFENDER Program violates his Rights of due process under the TEXAS and UNITED STATES CONSTITUTION. Petitioner submits the interest at stake in terms of his case in FORM and SCOPE is the now Stigmatizing consequences of the attachment of "SEX OFFENDER" label coupled with the subjection of mandatory treatment program. This act by the PAROLE Authorities created the

kind of deprivation of liberty that requires procedural due process protection. Petitioner is intitled to the benifits of a hearing to challenge sex offender status and notification in writing before and durning an aduersaral hearing, and by law how and why he is required to participate in sex offender program see <u>Sandin. V. Conner</u> 515 U.S. at 482, 115 S.Ct at 2300.

B). Petitioner alleges that he was forced to comply with sex offender program. Chapter 62.01(5)(D) do not apply to petitioner, in that, petitioner has never been convicted of a sex offence see NEAL V. Shimoda, 131 F.3d 818, C.A.9 (1997). This forced compliance as a sex offender is in violation of petitioner's liberty interest under the United States Const, 14th Amend, and the Texas Const. Art 1. Sec 19 and Art. 4. Sec 11 of the Texas Const.

C). Petitioner alleges that his parole hearing was illegal in that the evidences relyed on is illegal in that the petitioner has never been convicted of a sexual offense. The petitioner as a result should not suffer a grivious loss of incarcelation, and 17 years of goodtime see Morrissey V. Brewer, 405 U.S. 471, 486, 488-489, 92 S.Ct. 2593, 33 L.Ed. 2d 454 (1972).

D). Petitioner shows this court that the law of Chapter 62.01 (5)(D) Do not apply to the petitioner this is clearly reflected in the indictment exhibit #1. Therefore petitioner should be released back on mandatory supervision.

E). The state district court dicision in that Chapter 62.01 (5)(D) is wrong and unreasonable as the Fifth Circuit court of appeals has stated that Habeas Relief is available "only if the state court dicision is so clearly incorrect" see Drinkard V. Johnson 97 F.3d, 767-683 5th Cir [TEX] (1996).

# Relief Sought

Wherefore, Tony Ray Coleman moves this Honorable Court to grant the following Relief:

a). Place Petitioner back on Mandatory Supervision and Release Petitioner to such Supervision.

b). Restore 17 years of good time as a Result of Revocated Parole.

C). Order the Texas Parole board to take the Petitioner off Sex Offender status.

D). Require Respondent to answer all the allegations in this Brief and Petition.

E). Hold such Evidentary hearing as this Court may deem Necessary or appropriate.

F). Issue an order that this Honorable Court will Free Petitioner from his Unconstitutional Confindment.

G). Issue an order that this Honorable Court will Restore 17 years of good time.

Tony Ray Coleman #416086
Ramsey 1ᵗʰ unit
1100 F'M 655
Rosharon, Texas 77583

Respectfully Submitted

Tony Ray Coleman

Closing OF Forthy three
Page BRIEF...

## Inmate Declaration

I Tony Ray Coleman TDCJ-ID 416086, Cause NO. 80.100, being presently incarcerated in the RAMSEY 1st prison in Rosharon, Texas. Brazoria County. Do declare under the penalty of Purjury that according to my belief the foregoing information contained in the Memorandom of Law, and brief in Support and the allegations of the application are true and correct.

## "Stated"

I am the defendant in the above entitled cause number, I am the petitioner in the foregoing application for writ of Habeas Corpus and swear that all the allegations of facts contianed are true and correct and do entitle petitioner to relief in this application.

Signed on 8/30/02

_Tony Ray Coleman_
Signature

# APPENDIX

1). (Indictment) NOV 13th 1985.

2). (Judgement of Guilt by Jury) 11th, of Febuary 1986.

3). (Order, Judgement and Decreed) 11th, of Febuary 1986.

4). (Certificate of Parole) 20th, October 1989.

5). (Certificate of Parole) 16th, October 1991.

6). (Indictment of sex offence) Dec 17th 1992, Cause 0926140.

7). (Plea agreement) October 1st 1993, Cause 0926140.

8). (Warrant to detain petitioner) October 8th, 1992.

9). (Parole Certificate) January 17th, 2001.

10). (Special Condition imposition) Febuary 16th, 2001.

11). (Warrant of Arrest) Febuary 23rd, 2001.

12). (Hearing Report processing Sheet) March 19th, 2001.

13). (Notice of Special Condition) March 23rd, 2001.

14). (Sex Offender acknowledgement sheet) April 4th, 2001.

15). (Offender Referral form) April 4th, 2001.

16). (Sex Offender Registration Card) April 25th, 2001.

17). (Behavir note) April 27th, 2001.

18). (Incident Report) April 11th, 2001.

19). (Case Conference) May 3rd, 2001.

20). Incident Report) May 14th, 2001

1 OF 2.

21). (LETTER OF SEX THERAPIST) May 28th, 2001.

22). (ARREST WARRANT) May 16th, 2001

23). (NOTICE OF REVOCATION HEARING) JUNE 29th, 2001.

- 23). (DISPOSITION date) July 9th, 2001.

24). - - - - - - - - - - - - -

25) (REVOCATION REPORT) JUNE 29Th, 2001.

26) (CRIMINAL SHEET) JUNE 29th, 2001.

24). (AFFIDAVIT) MAY 30th 2001.

27). (WHITE WARRANT) July 9th, 2001.

28). (MOTION To REOPEN HEARING) July 13th 2001.

29) (LETTER FROM PAROLE BOARD) OCTOBER 2nd, 2001.

30) (INMATE REQUEST) DECEMBER 9th, 2001.

31). (BOARD MINUTES) 10,09, 92, to 12,29,01.

32). (LETTER FROM DISTRICT CLERK) FEBRUARY 1st, 2002.

33). (FINDING OF FACTS STATE COURT) APRIL 15th, 2002.

34). (STATES GENERAL ANSWER) APRIL 2nd, 2002.

35). (WHITE CARD) APRIL 18th, 2002.

36). (WHITE CARD) MAY 29th, 2002.

37). (LETTER OF DISTRICT COURT) APRIL 15th 2002.

38). (LETTER OF APPEALS COURT) JUNE 25th 2002.

3 OF 3

EXHIBIT 1

85-2568/85MC1274

No **80100**  The State of Texas Vs _Tony Ray Coleman_

Indictment **Burglary of a Habitation / Habitual**  Bond $ _Same_

In The _331st_ Judicial District Court of Travis County, Texas

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Travis, State of Texas duly selected, empaneled sworn, charged and organized as such at the _____July_____ Term A.D 19 _85_ of the _331st_ Judicial District Court for said County, upon their oaths present in and to said court in said term that

Tony Ray Coleman

on or about the _21st_ day of _October_ A.D. 19_85_ and before the presentment of this instrument, in the County of Travis, and State of Texas, **did then and there, with the intent to commit theft, knowingly and intentionally enter a habitation without the effective consent of** _Jimmy Garcia_ **, the owner,**

### PARAGRAPH II

And the Grand Jury further presents that previously Tony Ray Coleman had been convicted of the following felony offense: of Unauthorized Use of a Vehicle on June 29, 1984, in Cause No. 75,011 in the 167th District Court of Travis County, Texas; which conviction had become final before the commission of the offense alleged in the preceding paragraph,

### PARAGRAPH III

And the Grand Jury further presents that previously Tony Ray Coleman had been convicted of the following felony offenses: of Theft Over $200.00 on August 6, 1982, in Cause No. 66,898 in the 167th District Court of Travis County, Texas; and of Theft Over $200.00 on August 6, 1982, in Cause No. 66,897 in the 167th District Court of Travis County, Texas; and of Burglary of a Habitation on August 6, 1982, in Cause No. 54,814 in the 167th District Court of Travis County, Texas; which conviction had become final before the commission of the offenses alleged in the preceding paragraph,

against the peace and dignity of the State

FILED

Nov 13  4 03 PM 85

John Dickson
TRAVIS CO. DIST. TEXAS

Leo O. Mueller, Jr.  Foreman of the Grand Jury

EXHIBIT 1#

THE STATE OF TEXAS                                                IN THE MUNICIPAL COURT
                                                                  CITY OF AUSTIN
COUNTY OF TRAVIS                                                  TRAVIS COUNTY, TEXAS

I have good reason to believe and do believe that TONY RAY COLEMAN DOB 7/3/66

on or about the 21ST day of OCTOBER , 19 85

did commit the offense of BURGLARY OF A RESIDENCE 1ST DEGREE

My belief of the foregoing statement is based upon the following information:

VICTIM JIMMY GARCIA ADVISED OFFICER WITHOLL THAT HE HAD BEEN DRINKING WITH
SOME FRIENDS EARLIER IN THE EVENING. THE FRIENDS BEING TONY COLEMAN AND
JACKSE RAY. COLEMAN AND JACKSE LEFT AND VICTIM LOCKED HIS HOME AND TURNED OFF
THE LIGHTS. VICTIM THEN VISITED A FRIEND WHO LIVES ABOVE HIM A LOT M AND
A FRANK GONZALES HEARD A NOISE COMING FROM THE GARCIA RESIDENCE. VICTIM WENT
DOWNSTAIRS TO INVESTIGATE THE NOISES AND FOUND THE FRONT DOOR OPEN AND COLEMAN
INSIDE THE BEDROOM. COLEMAN SAID HE ENTERED BECAUSE HE THOUGHT GARCIA WAS
HOME AND THAT HE HAD JUST GOT THERE. ENTRY WAS POSSIBLE MADE THRU BEDROOM
WINDOW AS THE SCREEN WAS OFF AND WINDOW PROPPED OPEN. THERE WAS A PILLOW CASE
ON THE FLOOR THAT CONTAINED A FAN AND A CLOCK RADIO THAT BELONGED TO GARCIA.
THIS HAPPENED IN AUSTIN TRAVIS COUNTY TEXAS AND IS DOCUMENTED IN OFFENSE
#85-243453.

_____
Affiant

SWORN AND SUBSCRIBED TO before me by the said Affiant on this the
22ND day of OCTOBER , 1985 .

_____
Magistrate                                                 Notary Public in and for
Travis County, Texas                                       Travis County, Texas
                                                           My Commission expires

    On this the 22ND day of OCTOBER , 1985 , I hereby
acknowledge I have examined the foregoing affidavit and have determined that
probable cause exists for the issuance of an arrest warrant for the individual
accused therein.

_____
MAGISTRATE
MUNICIPAL COURT, CITY OF AUSTIN
TRAVIS COUNTY, TEXAS

EXHIBIT 3

And on this the 11th day of _____ February _____ A. D. 19 86 ,
this cause being again called, the State appeared by her District Attorney,
and the defendant Tony Ray Coleman _____ appeared in person in
open court, his counsel _____ Herschel Moore _____ also being present
and the defendant having failed to request that the jury assess punishment,
the Court proceeded to hear all the evidence in the matter of punishment
and after having heard the arguments of counsel, is of the opinion and so
finds that the punishment of the said defendant Tony Ray Coleman
_____ should be fixed by confinement in the _____
Texas Department of Corrections for a period of _____
Thirty (30) years _____ .

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the
defendant Tony Ray Coleman _____ is guilty of the offense of
Burglary of a Habitation committed on October 21, 1985 _____
as found by the jury and that he be punished, as determined by the Court,
by confinement in the Texas Department of Corrections for a period
of Thirty (30) years _____ , and said defendant being asked by
the Court if sufficient reason existed why the sentence of this Court should
not be pronounced, failed to give such reason, whereupon the Court pro-
ceeded, in the presence of said defendant, to pronounce sentence as follows:

It is the ORDER of this Court that the said defendant, _____
Tony Ray Coleman _____ who has been adjudged guilty of the
offense of Burglary of a Habitation committed on October 21, 1985
_____
be, and is hereby sentenced to confinement in the Texas Department of
Corrections _____ for a term of Thirty (30) years
_____
said sentence to be effective February 11, 1986 with credit for time in
custody from January 10, 1986 to February 11, 1986
_____

and that said defendant be taken by the authorized agent of the State of
Texas or by the Sheriff of Travis County, Texas, and by him safely conveyed
and delivered to the _____ Director _____ of said Texas Department of
Corrections _____ , there to be confined in the manner and for
the period aforesaid.

Signed this the _____ 11th _____ day of _____ February _____ A. D. 19 86 .

APPROVED AS TO FORM:

STATE'S ATTORNEY

PRESIDING JUDGE

EXHIBIT 2

IN THE 147 TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

NO. __80,100__    THE STATE OF TEXAS Vs. __Tony Ray Coleman__

### JUDGMENT OF GUILT BY JURY

On the __11th__ day of __February__ A.D., 19 _84_, this cause was called for trial, and the State appeared by her District Attorney, and the defendant __Tony Ray Coleman__ appeared in person in open court, __his__ counsel, __Herschel Moore__, also being present, and the said defendant having been duly arraigned, entered a plea of NOT GUILTY to the charge contained in the indictment herein, both parties announced ready for trial, and thereupon a jury was selected and seated consisting of __Sharon Bell__ and eleven others who were duly sworn. Thereupon the indictment was read and the defendant entered __his__ plea of NOT GUILTY to the following charge contained in the indictment and read to the jury by the State:

_____

_____

All of the evidence was presented by both the State and the defendant and the charge was read to the jury by the Court and thereupon the jury heard the arguments of both sides and retired in charge of the proper officer to consider of their verdict and afterward were brought into open court by the proper officer, the defendant and his counsel, being present, and returned the following verdict which was received by the Court and is hereonow entered upon the minutes of the Court; to-wit:

"We, the jury, find the defendant, Tony Ray Coleman, guilty of the offense of burglary of a habitation as alleged in the indictment.

                    __/s/ Sharon Bell__
                    Foreman/Forewoman

FILED

FEB 11 2 03 PM 86

IN THE 147 TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

NO. 80,100 THE STATE OF TEXAS VS. Tony Ray Coleman

## WAIVER OF DEFENDANT'S RIGHT TO APPEAL AFTER SENTENCE HAS BEEN IMPOSED

Now comes the defendant, Tony Ray Coleman, after having been sentenced by the Court to a term of not less than _____ nor more than Thirty (30) years in the Texas Department of Corrections for the offense of Burglary of a Habitation, and after consulting with his attorney, Herschel Moore, concerning his right to appeal to the Court of Criminal Appeals of Texas, and his right to be represented on appeal by an attorney of his choice or if he is to poor to pay for such attorney or the record on appeal, the Court will, without expense to him provide an attorney and a proper record for such an appeal, does hereby voluntarily, knowingly, and intelligently, waive his right to appeal by attaching his signature hereto.

X _____
DEFENDANT

I have consulted with the defendant; advised him of his right to appeal as outlined above; believe him to be sane and voluntarily, knowingly, and intelligently waiving his right to appeal.

Herschel T. Moore
ATTORNEY FOR DEFENDANT

It clearly appearing to the Court that the defendant is sane and is represented by competent counsel and the defendant understands the consequences of waiving his right to appeal, and that he voluntarily, knowingly, and intelligently waives such right after having had said rights explained to him , the Court finds that such waiver of his right to appeal to be voluntarily made and accepts the defendant's waiver of his right to appeal.

FEB 13 ____ _____
JUDGE PRESIDING

EXHIBIT 3#

IN THE 147 TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

NO. 80,100 THE STATE OF TEXAS Vs. Tony Ray Coleman

## JUDGMENT OF GUILT BY JURY

On the 11th day of February A.D., 19 86, this cause was called for trial, and the State appeared by her District Attorney, and the defendant Tony Ray Coleman appeared in person in open court, his counsel, Herschel Moore, also being present, and the said defendant having been duly arraigned, entered a plea of NOT GUILTY to the charge contained in the indictment herein, both parties announced ready for trial, and thereupon a jury was selected and seated consisting of Sharon Bell and eleven others who were duly sworn. Thereupon the indictment was read and the defendant entered his plea of NOT GUILTY to the following charge contained in the indictment and read to the jury by the State:

All of the evidence was presented by both the State and the defendant and the charge was read to the jury by the Court and thereupon the jury heard the arguments of both sides and retired in charge of the proper officer to consider of their verdict and afterward were brought into open court by the proper officer, the defendant and his counsel, being present, and returned the following verdict which was received by the Court and is hereonow entered upon the minutes of the Court; to-wit:

"We, the jury, find the defendant, Tony Ray Coleman, guilty of the offense of burglary of a habitation as alleged in the indictment.

/s/ Sharon Bell
Foreman/Forewoman

# State of Texas



DPS NO: 2441870

EXHIBIT #4

## BOARD of PARDONS and PAROLES

## Certificate of Parole

## KNOW ALL MEN BY THESE PRESENTS:

The Board of Pardons and Paroles of the State of Texas has been furnished information by the Texas Department of Corrections that

| TONY RAY COLEMAN | 416086 | DA |
|---|---|---|
| Name | TDC No. | |

now confined in the Texas Department of Corrections is eligible for Parole release under the provisions of A. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders the said inmate be released under Parole to the confines of

| TRAVIS | TEXAS |
|---|---|
| County | State |

and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

MR. FRANKLIN DE MORE
AUSTIN DISTRICT PAROLE OFFICE
2800 SOUTH III 35
AUSTIN TEXAS 78704

and that he be permitted to be at liberty in the legal custody of the Texas Department of Corrections but amenable to the orders of the Board of Pardons and Paroles, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. **BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

## SPECIAL CONDITIONS

(1) K

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THIS THE __20TH__ DAY OF __OCTOBER__ , 19 __89__

BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, Discharge Date will be __1-4-2016__

# State of Texas

DPS NO: 2441870

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### BOARD of PARDONS and PAROLES DIVISION

## Certificate of Parole

EXHiBiT #5

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Board of Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| **TONY RAY COLEMAN** | 416086 RV |
|---|---|
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Parole release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles Division hereby orders that the said inmate be released under Parole to the confines of the state and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

**AUSTIN DISTRICT PAROLE OFFICE**
**2800 SOUTH IH 35**
**AUSTIN TEXAS 78704**

I WAS INSTRUCTED TO REPORT TO MY
PAROLE OFFICER TODAY IN THE
OCT 2 8 1991

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles Division, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. **BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

## SPECIAL CONDITIONS

(1) L

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES DIVISION AT AUSTIN, TEXAS ON THIS THE _____16th_____ DAY OF __OCTOBER_____ ,19 _91_ .

BOARD OF PARDONS AND PAROLES DIVISION



If Parole is satisfactorily
completed, Discharge Date will be _7-15-2019_

D.A.#92-3837/PID#0001078/MC233815
No.092 6140     The State of Texas Vs. TONY COLEMAN
Indictment COUNT I - AGGRAVATED SEXUAL ASSAULT OF A CHILD
          COUNT II - INDECENCY WITH A CHILD BY CONTACT
Bond $ same
In The 147th Judicial District Court of Travis County, Texas

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

**THE GRAND JURY,** for the County of Travis, State of Texas duly
selected, empaneled, sworn, charged, and organized as such at the
October Term, A.D. 1992, of the 147th Judicial District Court for
said County, upon its oath presents in and to said court at said
term that Tony Coleman on or about the 23rd day of September, A.D.
1992, and before the presentment of this indictment, in the County
of Travis, and State of Texas, did then and there knowingly and
intentionally cause the penetration of the female sexual organ of
Tamesha Braggs, a child younger than 14 years of age and not his
spouse, by his penis,

### COUNT I, PARAGRAPH II

And the Grand Jury further presents that on or about the 23rd
day of September, 1992, and before the presentment of this
indictment in the County of Travis, and State of Texas, Tony
Coleman did then and there knowingly and intentionally cause the
sexual organ of Tamesha Braggs, a child younger than 14 years of
age and not his spouse, to contact the sexual organ of the said
Tony Coleman,

## FILED

Dec 17  5 25 PM '92

_Amelie Rodriguez Flores_
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

46 OF 57

Exhibit #6

And the Grand Jury further presents that on or about the 23rd day of September, 1992, and before the presentment of this indictment in the County of Travis, and State of Texas, Tony Coleman did then and there, with the intent to arouse and gratify his sexual desire, knowingly and intentionally engage in sexual contact by touching the genitals of Tamesha Braggs, a child younger than 17 years of age and not his spouse,

And the Grand Jury further presents that previously Tony Coleman, has been convicted of the following felony offenses:

of Burglary of a Habitation, on February 11, 1986, in Cause No. 80100 in the 147th Judicial District Court of Travis County, Texas;

of Burglary of a Building, on February 13, 1986, in Cause No. 80859 in the 147th Judicial District Court of Travis County, Texas; which convictions had been become final before the commission of the offenses alleged in the preceding paragraphs,

And the Grand Jury further presents that previously Tony Coleman, has been convicted of the following felony offense:

of Unauthorized Use of a Motor Vehicle, on June 29, 1984, in Cause No. 75011 in the 167th Judicial District Court of Travis County, Texas; which conviction had been become final before the commission of the offenses alleged in the preceding paragraphs,

And the Grand Jury further presents that previously Tony EXHIBIT #6
Coleman, has been convicted of the following felony offenses:

of Theft Over $200.00 on August 6, 1982, in Cause No. 66898 in
the 167th Judicial District Court of Travis County, Texas;

of Theft Over $200.00 on August 6, 1982, in Cause No. 66897 in
the 167th Judicial District Court of Travis County, Texas;

of Burglary of a Habitation, on August 6, 1982, in Cause No.
54814 in the 167th Judicial District Court of Travis County, Texas;
which convictions had been become final before the commission of
the offenses alleged in the preceding paragraphs,

against the peace and dignity of the State.

_____
Annette Ray
Foreman of the Grand Jury

Exhibit #7

---

### IN THE 167 JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

---

NO. 0926140     THE STATE OF TEXAS VS. TONY COLEMAN

#### JUDGMENT ON PLEA OF GUILTY BEFORE COURT
#### WAIVER OF JURY TRIAL

JUDGE
PRESIDING: MIKE LYNCH

DATE OF
JUDGMENT: OCTOBER 1,1993

ATTORNEY FOR STATE:
BEVERLY MELONTREE

ATTORNEY(S) FOR DEFENDANT:
NATE STARK

OFFENSE FOR WHICH CONVICTED:

  ASSAULT

DEGREE:  CLASS "A" MISD.

DATE OFFENSE
COMMITTED: SEPTEMBER 23,1992

CHARGING INSTRUMENT: INDICTMENT     PLEA: GUILTY

TERMS OF PLEA BARGAIN:

  ONE (1) YEAR IN THE TRAVIS COUNTY CORRECIONAL CENTER WITH
  $110.50 COURT COSTS

PLEA TO ENHANCEMENT PARAGRAPHS: WAIVED

FINDINGS ON ENHANCEMENT: NONE.

FINDINGS ON USE OF A DEADLY WEAPON:  NONE.

DATE SENTENCE IMPOSED:  OCTOBER 1,1993     COSTS: 110.50

  ONE (1) YEAR IN THE TRAVIS COUNTY CORRECTIONAL CENTER WITH
  $110.50 COURT COSTS

DATE SENTENCE TO COMMENCE:  OCTOBER 1,1993

TIME CREDITED:  FROM OCTOBER 29,1992 TO OCTOBER 1,1993

TOTAL AMOUNT OF RESTITUTION/REPARATION:  NONE.

THIS SENTENCE IS TO RUN CONCURRENT UNLESS OTHERWISE SPECIFIED.

NOTICE OF APPEAL:  NO.

FILED

OCT

TRAVIS

50F 57

EXHIBIT #7

---
IN THE 167 JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS #7
---

NO. 0926140      THE STATE OF TEXAS VS. TONY COLEMAN

JUDGMENT AND SENTENCE OF THE COURT

On OCTOBER 1,1993, this cause was regularly reached and
called for trial and the State appeared by her District Attorney and
the defendant, TONY COLEMAN, appeared in person, and
defendant's counsel, NATE STARK, also being present,
thereupon the District Attorney announced ready for trial, and it
appearing to the Court that the defendant, defendant's counsel, and
the State's attorney have agreed in writing in open court to waive a
trial by jury in this cause and to submit this cause to the Court,
and the Court having consented to the waiver of a trial by jury
herein, the reading of the INDICTMENT was waived,
     THEREUPON THE STATE ELECTED TO WAIVE COUNT II AND ALL
     HABITUAL PARAGRAPHS AND COUNT I PARAGRAPH II AND PROCEED ON
     LESSER OFFENSE OF ASSAULT A CLASS "A" MISDEMEANOR,
and the defendant, upon being asked by the Court as to how defendant
pleaded, entered a plea of GUILTY to the charge in the
INDICTMENT relied upon by the State; thereupon the defendant was
admonished by the Court as to the range of punishment attached to the
offense; that the recommendation of the prosecuting attorney as to
punishment is not binding on the Court; that if the plea of
GUILTY is the result of a plea bargaining agreement and
the Court does not accept the agreement, that he could withdraw his
plea of GUILTY and the fact that the defendant had entered
a plea of GUILTY nor any statement made by him at the hearing
on the plea of GUILTY may be used against him on the issue
of guilt or punishment in any subsequent criminal proceedings and that
if the punishment assessed does not exceed the punishment recommended
by the prosecutor and agreed to by the defendant and his attorney, the
trial Court must give its permission to the defendant before he may
prosecute an appeal on any matter in the case except for those matters
raised by written motions filed prior to trial, and it appearing to
the Court that the said defendant is mentally competent to stand
trial, that the said plea of GUILTY is freely and
voluntarily made and that the defendant was aware of the consequences·
of said plea, the said plea of GUILTY is by the Court
received and is here now entered of record in the minutes of the Court
as the plea herein of said defendant, and after having heard all the
evidence for the State and for the defendant, and having heard
argument of counsel for both sides, is of the opinion that there is
sufficient evidence to substantiate a finding of GUILTY beyond any
reasonable doubt, and recesses this cause for a presentence
investigation report by the Community Supervision and Corrections
Department.

On OCTOBER 1,1993, this cause again being called, the
State appeared by her District Attorney and the defendant,
TONY COLEMAN, appeared in person with counsel,
NATE STARK, also being present, the Court is of the opinion and so
finds the said defendant guilty as confessed of the offense of

ASSAULT,

said offense having b.. .n committed on SEPTEMBER 2.. 1992, and
the Court, after having heard all the evidence for the State and for
the defendant presented for the purpose of determining the punishment
to be assessed, and having heard argument of counsel for both sides,
is of the opinion and so finds that the punishment of the defendant
should be fixed at

ONE (1) YEAR IN THE TRAVIS COUNTY CORRECTIONAL CENTER WITH
$110.50 COURT COSTS.

It is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED by the
Court that the said defendant, TONY COLEMAN, is guilty
of the offense of

ASSAULT,

committed on SEPTEMBER 23,1992, as confessed in said plea of
GUILTY herein made, and that punishment be, as determined
by the Court, at

ONE (1) YEAR IN THE TRAVIS COUNTY CORRECTIONAL CENTER WITH
$110.50 COURT COSTS,

and said defendant being asked by the Court if sufficient reason
existed why the sentence of the Court should not be pronounced,
failed to give such reason; whereupon the Court proceeded, in the
presence of the the said defendant, to pronounce sentence as follows:

It is the ORDER of this Court that the said defendant,
TONY COLEMAN, who has been adjudged guilty of the
offense of

ASSAULT,

committed on SEPTEMBER 23,1992, be and is hereby sentenced to

ONE (1) YEAR IN THE TRAVIS COUNTY CORRECTIONAL CENTER WITH
$110.50 COURT COSTS,

said sentence is to be credited for back time served toward the
satisfaction of the confinement period in the Travis County Jail as
follows:

FROM OCTOBER 29,1992 TO OCTOBER 1,1993,

and that said defendant be taken by the authorized agent of the State
of Texas or by the Sheriff of Travis County, Texas, and by him safely
conveyed and delivered to the Director of said Travis County Jail,
there to be confined in the manner and for the period aforesaid.

. The Court further finds that the plea of GUILTY in this cause was the result of a plea bargaining agreement, and the punishment does not exceed the agreed recommendation of the State.

Signed this the _7th_ day of _Oct._ , A.D., 1993.

APPROVED AS TO FORM:

_STATE'S ATTORNEY_

_JUDGE PRESIDING_

VL 0758 PG 669

# THE STATE OF TEXAS

## WARRANT

### Directing Retaking

## ADMINISTRATIVELY RELEASED PRISONER*

### (Non-Executive Clemency)

### Before Revocation or Rescission of Presumptive/Tentative Parole Date

EXHiBiT #8

TO ANY SHERIFF, ANY PEACE OFFICER, ANY OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO SERVE CRIMINAL PROCESS OR TO ANY PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION:

DOB: 07/05/60          DPS#: 2441870

GREETING:

WHEREAS, ___TONY RAY COLEMAN___, TDC/BPP No. ___416086___,

was convicted of a felony offense in the State of Texas and was thereafter admitted to the Texas Department of Criminal Justice, Institutional Division;

**AND WHEREAS,** said convicted felon was granted a parole or administrative release and remains at large within the custody of the Texas Department of Criminal Justice, Institutional Division or the Board of Pardons and Paroles Division amenable to the orders of the Texas Department of Criminal Justice, Board of Pardons and Paroles;

**AND WHEREAS,** reliable information has reached the Texas Department of Criminal Justice, Pardons and Paroles Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release and has lapsed, or is about to lapse, into criminal ways or company, he is hereby declared a fugitive from justice;

**NOW THEREFORE,** by virtue of the authority vested in the Texas Department of Criminal Justice, Board of Pardons and Paroles by Article 42.18 of the Texas Code of Criminal Procedure, it is hereby ordered that said administrative releasee, be arrested and retaken and that he be held until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Board of Pardons and Paroles, and for so doing, this shall be your sufficient warrant.

## NOT SUBJECT TO BAIL

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**Board of Pardons and Paroles**

By: _____
**MEMBER**

P.O Box 13401, Capitol Station
Austin, Texas 78711
Area Code 512 406-5317
Warrant No. 10-08-92-416086
L. JOHNSON/DPO/AUSTIN
File

___October 8, 1992___
Date of Issuance

*The term "administrative release" includes, parole and mandatory supervision, preparole transfer and work program.

BPP-FS-50

R 1/90



EXHiBiT #9

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PAROLE DIVISION

# Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| | |
|---|---|
| COLEMAN, TONY RAY | 416086 |
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision under the provision of Art. Tex. Gov't. Code Ann. § 508.147. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the State and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

DEL VALLE CORRECTIONAL COMPLEX
3614 BILL PRICE ROAD
DEL VALLE, TX 78617
512-473-4181

And that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Tex. Gov't Code Ann. § 508.147 have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Tex. Gov't Code Ann. §§ 508.149 and 508.150. BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED

### SPECIAL CONDITIONS

(1) O

Legal County of Residence: TRAVIS County
Approved County of Release: TRAVIS County

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THE 16TH DAY OF JANUARY, 2001.

BOARD OF PARDONS AND PAROLE

IF MANDATORY SUPERVISION IS SATISFACTORILY COMPLETED, DISCHARGE DATE WILL BE    7-19-18

RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE AS PROVIDED BY
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PARDONS AND PAROLES DIVISION, ART. 42 18, C.C.

EXHIBIT 9#

In consideration of the release granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer
H. Hallway House Placement. (See attachment)
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program
O. Releasee shall comply with any other condition as specified herein (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount
   (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice Pardons and Paroles Division (P O Box 13401, Capitol Station Austin, Texas 78711) in a specified amount
S. Releasee shall submit to substance(alcohol/narcotics) treatment program which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s)
Z. Releasee shall not enter the specified county without prior written approval

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time);I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence

AGREED AND SIGNED
on this date JAN 17 2001    Inmate's Signature _____
I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

_____                                    JAN 17 2001
PARDONS AND PAROLES DIVISION REPRESENTATIVE                 DATE

PSI - 32 (9 92)

EXHIBIT 9#

ATTACHMENT - SPECIAL CONDITION - 'O' -- OTHER

NAME:        COLEMAN, TONY RAY
TDCJ NUMBER: 416086

OFFENDER SHALL RESIDE IN THE TRAVIS COUNTY JAIL WORK
RELEASE PROGRAM FOR A PERIOD OF UP TO 180 DAYS FOR THE
PURPOSE OF TEMPORARY HOUSING UNTIL EMPLOYMENT AND
FINANCIAL RESOURCES HAVE BEEN OBTAINED FOR DEVELOPMENT OF
A SUITABLE RESIDENTIAL PLAN.

EXHIBIT 9#

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

## ATTACHMENT - SPECIAL CONDITION - 'O' - OTHER

In accordance with Board of Pardons and Paroles Order 98-10.01 dated 10/7/98 and Sections 508.044 and 508.045 of the Texas Government Code, the releasee is required to obtain a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. The releasee shall comply with all applicable laws, rules and regulations in connection with this policy. A Texas driver's license or personal identification card issued by the Texas D.P.S. shall be kept in the releasee's possession at all times for the duration of the supervision period and shall be presented to law enforcement and Texas Department of Criminal Justice officials upon request.




# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

EXHIBIT #10

### TRANSMITTAL
### SPECIAL CONDITION IMPOSITION

**Offender Name:** COLEMAN, TONY RAY
**Sentence Length:** 30 YRS
**Legal County of Residence (LCOR):** TRAVIS

**TDCJ or SID #:** 416086
**Max. Exp. Date:** 07/19/2018
**Location:** 3614 BILL PRICE RD., DEL VALLE, TX 78617

**Instant Offense:** BURG. OF HABITATION; BURG. BUILDING

**Prior Convictions:** BURG. OF HABITATION 1980; THEFT O/200 1982

**Special Conditions in Effect:** O-HALFWAY HOUSE PLACEMENT

| Post-Release Data | Pre-Release Data |
|---|---|
| Release Type: MANDATORY SUPERVISION | Review Status: N/A |
| Release Date: 01/17/2001 | Est. Rel. Date: N/A |

**REQUEST:** Impose Special Condition "M" by a majority vote of the parole panel pursuant to Board of Pardons and Parole policy.

**INFORMATION RELEVANT TO IMPOSITION:** OFFENDER ARRESTED FOR AGG. SEXUAL ASSAULT OF A CHILD IN 1992 WHICH WAS REDUCED TO A CLASS A MISDEMEANOR DUE TO A PLEA BARGAIN.

**IMPOSE SPECIAL CONDITION "M-MUST COMPLY WITH SEX OFFENDER REGISTRATION"**

Information that prompts request to parole panel: OFFENDER WAS CONVICTED OF A LESSER CHARGE DUE TO A PLEA BARGAIN, AND ACCORDING TO AUSTIN POLICE DEPARTMENT OFFENSE REPORT, THE OFFENDER RAPED A 12 YEAR OLD FEMALE.

**Requesting Officer:** R. MORENO/DPO I/AUSTIN I    **Date:** 2/16/01
**Approving Officer:** L. WORRY/U.S/AUSTIN I    **Date:** 2/16/01
**Presenter:** G.ODOM/P.S/AUSTIN II    **Date:** 2/16/01

| | BOARD PANEL ACTION: |
|---|---|
| DATE: FEB 27 2001 | |
| CONCUR: | |
| DENY: | |
| ANY OTHER BOARD ACTION(S): | |

PD/TRM-05 Rev. 5/00



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION



EXHIBIT

## TRANSMITTAL
## SPECIAL CONDITION IMPOSITION

**Offender Name:** COLEMAN, TONY RAY
**Sentence Length:** 30 YRS
**Legal County of Residence (LCOR):** TRAVIS

**Instant Offense:** BURG. OF HABITATION; BURG. BUILDING

**Special Conditions in Effect:** O-HALFWAY HOUSE PLACEMENT

**TDCJ or SID #:** 416086
**Max. Exp. Date:** 07/19/2018
**Location:** 3614 BILL PRICE RD., DEL VALLE, TX 78617
**Prior Convictions:** BURG. OF HABITATION 1980; THEFT O/200 1982

| Post-Release Data | Pre-Release Data |
|---|---|
| Release Type: MANDATORY SUPERVISION | Review Status: N/A |
| Release Date: 01/17/2001 | Est. Rel. Date: N/A |

**REQUEST:** Impose Special Condition "X" by a majority vote of the parole panel pursuant to Board of Pardons and Parole policy.

**INFORMATION RELEVANT TO IMPOSITION:** OFFENDER ARRESTED FOR AGG. SEXUAL ASSAULT OF A CHILD IN 1992 WHICH WAS REDUCED TO A CLASS A MISDEMEANOR DUE TO A PLEA BARGAIN.

*No mention of polygraph or DNA results*

**IMPOSE SPECIAL CONDITION "X-SEX OFFENDER PROGRAM"**

Information that prompts request to parole panel: OFFENDER WAS CONVICTED OF A LESSER CHARGE DUE TO A PLEA BARGAIN, AND ACCORDING TO AUSTIN POLICE DEPARTMENT OFFENSE REPORT, THE OFFENDER RAPED A 12 YEAR OLD FEMALE.

**Requesting Officer:** R. MORENO/DPO I/AUSTIN I    Date: 2/16/01
**Approving Officer:** L. WORRY/U.S/AUSTIN I    Date: 2/16/01
**Presenter:** G.ODOM/P.S/AUSTIN II    Date: 2/16/01

| | BOARD PANEL ACTION: |
|---|---|
| DATE: FEB 27 2001 | |
| CONCUR: | |
| DENY: | |
| ANY OTHER BOARD ACTION(S): | |

PD/TRM-05 Rev. 5/00

# THE STATE OF TEXAS
## WARRANT
### Directing Retaking
# ADMINISTRATIVELY RELEASED PRISONER*
### (Non-Executive Clemency)
### Before Revocation or Rescission of Presumptive/Tentative Parole Date



EXHIBIT #11

---

TO ANY SHERIFF, ANY PEACE OFFICER, ANY OFFICER OR OTHER PERSON AUTHORIZED BY LAW

TO SERVE CRIMINAL PROCESS OR TO ANY PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR

OTHER PLACE OF DETENTION:

DOB:  **07-05-1960**        DPS#:  **02441870**

GREETING:

WHEREAS,   **COLEMAN, TONY R.**  , TDCJ#/PIA#:   **416086** ,

was convicted of a felony offense in the State of Texas and was sentenced to the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, said convicted felon was granted a parole or administrative release and remains in the custody of the Texas Department of Criminal Justice, Parole Division amenable to the orders of the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

AND WHEREAS, reliable information has reached the Texas Department of Criminal Justice, Parole Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice;

NOW THEREFORE, by virtue of the authority vested in the Texas Department of Criminal Justice, Parole Division by Texas Government Code Ann. §508.251, it is hereby ordered that said administrative releasee, be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Parole Division or the Board of Pardons and Paroles, and for so doing, this shall be your sufficient warrant.

**NOT SUBJECT TO BAIL**          TEXAS DEPARTMENT OF CRIMINAL JUSTICE
                                 Parole Division

By:
_____
P. O. Box 13401, Capitol Station
Austin, Texas 78711
Area Code (512) 406-5317
Warrant No. 02-23-2001-416086
R. MORENO/DPO/AUSTIN 1
/DPO/
File

Date of Issuance: **02-23-2001**

---

*The term "administrative release" includes parole and mandatory supervision, preparole transfer, work program and premature release.
BPP-FS-50 (R 1/98)

EXHIBIT #12

Mandatory super
Special conditions

BOARD OF PARDONS AND PAROLES
Hearing Section

( ) P  (X) MS  (X) SC  Other:  (Sex Offender)
HB1112 YES
START DATE: 03-05-01

**HEARING REPORT PROCESSING SHEET**
**REVOCATION HEARING**

Name: COLEMAN, Tony Ray                 TDCJ & DPS No.: 416086/02441870
Date of Hearing: 03-08-01          Begin Time: 2:00 p.m.      End Time: 2:40 p.m.
Releasee's Location: Travis County Correctional Complex, Del Valle, Texas 78617
Releasee Requested a Revocation Hearing     Date Warrant Issued: 02-23-01   Executed: 03-05-01
Release Date: 01-17-01                Scheduled Discharge Date: 07-19-18

Attorney Determination:  ( ) Approved      (X) Disapproved     ( ) Waived     ( ) Retained

| Releasee's Admission/Denials | | | ALLEGATIONS | FINDINGS | | | |
| ADMIT | DENY | RULE # | | HO | | HS | |
| | | | | Y | N | Y | N |
| X | | 1 | Failure to Report, 02-22-01 | X | | ✓ | |
| X | | 3 | Changing Residence, 02-23-01 | X | | ✗ | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Recommend | Revoke | PTRH | Non-Revocation Action | ISF | SAFP | RTSS |
| Field Officer | | | X Impose "P" and "S" | | | |
| Hearing Officer | | | X Impose "P" | | | |
| Reviewer | | | X cpaul 3-12-01 | | | |

☐ Certification Attached

Additional Recommendations: _____ Impose SP _____

Board Disposition:  ☐ Revoke   ☐ ISF   ☐ SAFP   ☐ Proceed to Revocation Hearing (PTRH)
☐ Return to sending state (RTSS)
☐ Non-revocation action: Pending adjudication of charges
☐ Non-revocation action: Continue Supervision --Reaffirm existing special conditions or modify as noted below:
  cp RV 112      IMPOSE SPECIAL CONDITIONS
               AS NOTED BY REVIEWER
☐ Non-revocation action: Allow to discharge
☐ Refer case back to hearing officer for further development of factual or legal issues, with or without reopening the
  hearing, for the following reasons:

Disposition date:  **MAR 19 2001**
JA:cp  (03-09-01)
DIST:  Central Hearing Section                    RELEASEE/Same as above
       Hearing Officer/J. Armstrong/Austin-Hearing    Attorney:
       Supervising Officer/R. Moreno/Austin I
       Agent Officer/

HS-135 (R 10-00)                    20 DF 57              Page 1 of 2

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION

NOTICE OF SPECIAL CONDITION

Exhibit #13

TO: COLEMAN, TONY RAY                    TDCJ# 416086

The Texas Board of Pardons and Paroles has imposed a Special
Condition of your release which states:

"P" - RELEASEE SHALL PARTICIPATE IN A MENTAL HEALTH/MENTAL
RETARDATION TREATMENT OR COUNSELING PROGRAM AS DIRECTED BY THE
SUPERVISING PAROLE OFFICER.

Acknowledgement:

I understand that the above noted Special Condition becomes
effective immediately and is to be complied with in addition to my
current Conditions (Rules) of Release. I also have a full
understanding of the above noted Special Condition of Release.

_____

3/23/01

_____

3-23-01

EXHIBIT #14

## Section D: (Initial applicable components)

| Offender's Initials | Officer's Initials | |
|---|---|---|
| 1. TRC | SMD | **Note: This component is mandatory for sex offenders whose offense was committed on or after September 1, 1995 and the victim was 17 years of age or younger. For offenses prior to this date, this component is discretionary.**<br>I shall not operate, cause to operate, participate in, or attend any athletic or civic program that includes as participants or recipients persons who are 17 years of age or younger, or go in or within 500 feet of a premises where children commonly gather *including but not limited to* a school, day care facility, playground, public or private youth center, public swimming pool, or video arcade facility. |
| 2. TRC | SMD | I shall not have any unsupervised contact with children under 17 years of age. The supervising parole officer shall approve the supervisor of the contact. |
| 3. TRC | SMD | I shall not reside with, contact, or cause to be contacted any person 17 years of age or younger in person or by telephone, correspondence, video or audio device, third person, media, or any electronic means unless approved by my supervising officer. |
| 4. TRC | SMD | I shall not travel outside _Travis_ County, Texas, without written permission from my supervising officer. |
| 5. TRC | SMD | I shall not become involved in dating, marriage, or a platonic relationship with any person who has children 17 years of age or younger unless approved by my supervising officer. |
| 6. TRC | ____ | I shall be electronically monitored as directed by my supervising parole officer. |
| 7. TRC | SMD | I shall not enroll in, attend, or enter an institution of higher learning, including public or private community college, junior college, or university, or set foot in any of their facilities, off-site or otherwise, without BPP approval and notification to the victim or guardian or the victim of the instant offense. |
| 8. TRC | SMD | I shall not own, maintain, or operate computer equipment without a declared proposal and the authorization of my supervising officer. |
| 9. TRC | SMD | I shall not own, maintain, or operate photographic equipment, including instamatic, still photo, video, or any electronic imaging equipment unless approved by my supervising parole officer. |

EXHIBIT 14#

**Section A:** Offender's Name: _Coleman; Joey Ray_

(Please Print)

TDCJ#: _916086_

**Section B:** (Check applicable action)

☒ The requirement(s) initialed below are IMPOSED as components of Sex Offender Program special condition "X" as authorized by the Board of Pardons and Paroles (BPP).

☐ The requirement(s) initialed below are WITHDRAWN as components of Sex Offender Program special condition "X" as authorized by the BPP.

**Section C:**

Sex Offender Program Special Condition "X": At any time this condition is in effect, unless modified or withdrawn by the BPP, an offender shall:

- Enroll and participate in a treatment program for sex offenders as directed by the supervising parole officer.

- Not operate, cause to operate, secure employment in, participate in, attend, or go in or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition.

- Not contact or cause to be contacted in person, by telephone, correspondence, video or audio device, third person, media, and/or by any electronic means the victim or guardian of the instant offense.

- Not participate in any volunteer activities or volunteer any services without prior approval of the offender's supervising officer. In the event any such volunteer activity or service is approved, the offender must notify the prospective recipient agency/person about his or her criminal history.

- Not possess, purchase or subscribe to, or cause to be purchased or subscribed to any literature, magazine, books, or video tapes that depict sexually explicit images; or communicate or cause communication with a person for sexually explicit purposes through telecommunication or any other electronic means, including 1-900 services.

EXHibiT 14#

| Offender's Initials | Officer's Initials | |
|---|---|---|
| 10. TAC | SMD | I shall notify any prospective employer regarding my criminal history as directed by the supervising parole officer. |

**Section E:**

Comments: _____

_____

_____

_____

**Section F:**

I, ___Tony Coleman___, acknowledge notification of Sex Offender
(Offender's Printed Name)

Program Special Condition and the above components. Failure to abide by the above special condition and the initialed components is a violation of my conditions of release. I further understand that even if I refuse to sign this form, special condition "X" and the components that apply are still in effect.

_____
Offender's Signature

___4/3/01___
Date

**Section G:**

Submitted by:
_____
Parole Officer's Signature

___Sarota Davis___
Parole Officer's Printed Name

Distribution: Original - District File
Copy - Central
Copy - Therapist
Copy - Offender

Note: This form may be filled out by hand

83 oF 57



## "NAST, ARKEEN & ASSOCIATES"
8307 Shoal Creek Boulevard
Austin, Texas 78757

EXHIBIT #/5

### Offender Referral Form

Client Name: _Coleman, Tony Ray_

Client's Date Of Birth _7-5-60_  Client's Discharge Date: _7-19-18_

Name Of Referring Officer: _Sareta Davis_

Date Of Referral: _4-3-01_  Officer Telephone Number _(512) 339-9147_

### *ALL INTAKES ARE ON WEDNESDAYS FROM 3:30-6 PM*

You are required to contact S. Jae Arkeen or Sona Nast at 512/406-5100 and confirm that you will be at the offices of NAST, ARKEEN & ASSOCIATES at the above address on Wednesday the (date) _4_ of (month) _April_, 200_1_ from 3:30 PM until 6PM. This is for a sex offender evauation/assessment/intake. Not attending this meeting could result in a violation of your parole/probation/CPS rules. There is a $150.00 required fee for this service.

Please take this form with you to the offices of "Nast, Arkeen & Associates" at the time of your intake and have it signed by Ms. Nast or Mr. Arkeen for verification of attendance.

NOTES:_____

_____

#### THERAPIST'S VERIFICATION OF ATTENDANCE:

_Tony Coleman_ _____ attended intake/assessment on _4/4_ ~~1999~~ _2001_
(Client Name)                                                    (Date)

_Sona Arkeen_
Therapist's Signature
(Copy Distribution:    white copy to client    yellow copy for P.O. file)

EXHIBIT #16



EXHIBIT C

TEXAS
SEX OFFENDER
REGISTRATION RECEIPT

In compliance with Article 62.02, CCP

Anniversary Date: 07·05·01
Name of registrant

Tony Ray Coleman
Residence address
6200 Parliament Dr.
Austin TX 78724
Name of registering agency

Austin Police Dept.

| Registering Agency ORI | Date of Registration |
|---|---|
| TX 2270100 | 04·25·01 |

#3674

Signature of registering officer

Missy Martinez

Signature of registrant

X _____

IN-14 (Rev. 7/97)

EXHIBIT #17

NAME OF CLIENT: Tony Coleman

NAME OF PAROLE OFFICER:     S. Davis

DATE OF REPORT: 4/27/01

BEHAVIOR NOTED:

Mr. Coleman attended his initial intake session on 4/4/01. He denied his crime and stated that there was DNA testing to prove it. He was not very self revealing in his reports. He paid $0 towards a $150 fee.

He admitted to having over 30 arrests in his lifetime and has a long history of anti-social behaviors. He was to return on 4/11/01 for a follow-up appointment and was a "no-show/no-call."

He called on 4/26/01 to "reschedule our appointment."

Given the above information and the rigorous requirements of our program, *we are not inclined to accept Mr. Coleman into our treatment program.* This writer left a message at 926-2448 (the call back number he left) to inform him of the above.

He should be monitored closely. He may also be appropriate for the "LEAD" group with Ms. Shelley Graham.

STAFF SIGNATURE

# Incident Report

Nest, Artmann & Associates

To: _Jaretta Davis_

Client's Name: _Tony Roy Coleman_

Group Day & Time: _not assigned_

Date Form Completed: _4/11/01_     Date of Incident: _4/11 01_

Description of Problem Behavior:

no show (, no call for second half
of intake / assessment on this
date.
(first half of intake was on 4/4/01)

Proposed Plan for Correction:

— due to clients extensive criminal
history, criminal versatility and
denial of his crime he may
not constitute many chances
in a rigorous program such as
this one. Should call & reschedule

What more?

Time Limit for Correction: _____     Is the client aware of this plan?  YES  NO

_Staff's Signature_     4·11·01
Date

Sonia Nest, LMSW-ACP, RSOTP     S. Joe Artmann, MAC, LCDC, CCJB
Jeff Lucas, MS, LPC     Jeri Lyman, LMSW-ACP     Shelley Graham, MA, LPC, RSOTP

02/01/99

MESSAGE ID: 175003ET    DA...

TO:        SDA6847 - DAVIS, SARETA
           DISTRICT PAROLE OFFICER 7
           PD-AUSTIN DPO II
           1616 HEADWAY CIRCLE
           2ND FLOOR
           AUSTIN, TEXAS  78754

FROM:      CENTRALVB - PAROLE_VIOLATION_REPORTS
           PAROLE_VIOLATION_REPORTS
           PD WARRANTS SECTION
           AUSTIN

EXHibiT
#19

Issued 5-16-01

SUBJECT:   COLEMAN, TONY RAY VI

*** Sent by Alternate User "KSEA9ED7" for "CENTRALVB" ***

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION-VIOLATION REPORT

SECTION I: GENERAL INFORMATION
SPECIAL HANDLING CASE SEX OFFEND...
NAME: COLEMAN, TONY RAY                    TDCJ NUMBER: ...
CURRENT ADDRESS 0000 PARLIAMENT            CITY: AUSTIN          STATE: TX
SID/DPS: 02441873 FBI: 1011447...
HEIGHT: 5'11" WEIGHT 180 EYE COLOR...
CLIP COMPLEXION: DARK     ...
SCARS/MARKS/TATTOOS: TAT CHEST...

INSTANT OFFENSE: BURGLARY OF ...
SENTENCE: ... YRS   DETAIL: OF...
RELEASE DATE: 3-07-01    DISCHARGE DATE ...
COUNTY OF RESIDENCE: TRAVIS
LAST HOME CONTACT: 5-8-01

SECTION II: INVESTIGATIVE CONTACTS
1. ATTEMPTED HOME CONTACT DATE: ...
2. LOCAL LAW ENFORCEMENT INQUIRY DATE ...
3. DATE OF MOTOR/TCIC CHECK: 5-03-...
4. OTHER ATTEMPTS MADE(TYPE/DATE): ...

SECTION III: ARREST INFORMATION
*IF MORE THAN 4 CHARGES, INCLUDE PLACE/TYPE IN SECTION IV VIOLATION SUM...
CHARGE:                FELONY 1   2   3   STATE JAIL   MISD...
CHARGE:                FELONY 1   2   3   STATE JAIL   MISD...
CHARGE:                FELONY 1   2   3   STATE JAIL   MISD...
CHARGE:                FELONY 1   2   3   STATE JAIL   MISD...
CUSTODY LOCATION(FACILITY NAME)

87 OF 57

X ARE ELIGIBLE  X YES

SECTION V: RECOMMENDED DISPOSITION

P.O. RECOMMENDATION:

X ISSUE WARRANT
  CONTINUE SUPERVISION-NO FURTHER ACTION
  CONTINUE SUPERVISION-APPLY INTERVENTION OF
  CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
  CONTINUE SUPERVISION-REQUEST SPECIAL CONDITION(S).

COMMENTS: OFFENDER HAS BEEN REFERRED TO SEX OFFENDER THERAPY INITIALLY IT
AND HAS FAILED TO REPORT;OFFENDER HAS NOT REPORTED FOR A YEAR FOR DOCUMENT

CERTIFICATION:
MY NAME IS  SARETA DAVIS                                    I AM CURRENTLY EMPLOYED
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN THE CAPACITY OF PAROLE
80  YEARS.  I SWEAR OR AFFIRM THAT I HAVE READ THIS ABOVE REPORT, AND
IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF

P. O. SIGNATURE: SARETA DAVIS    _Sareta Davis_  5-16-01    DATE:

U. S. RECOMMENDATION:

X ISSUE WARRANT
  CONTINUE SUPERVISION-NO FURTHER ACTION
  CONTINUE SUPERVISION-APPLY INTERVENTION OF
  CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
  CONTINUE SUPERVISION-REQUEST SPECIAL CONDITION(S).

COMMENTS:

U. S. SIGNATURE: RUSSELL WILLIAMS                              DATE:

P. S. DECISION IF APPLICABLE:

  ISSUE WARRANT
  CONTINUE SUPERVISION-NO FURTHER ACTION
  CONTINUE SUPERVISION-APPLY INTERVENTION OF
  CONTINUE SUPERVISION-AWAIT DISPOSITION OF CRIMINAL CHARGE
  CONTINUE SUPERVISION-REQUEST SPECIAL CONDITION(S).

COMMENTS:

P. S. SIGNATURE:                                              DATE:

SECTION VI: WARRANTS SECTION DECISION IF APPLICABLE

X ISSUE WARRANT
  DO NOT ISSUE WARRANT, CONTINUE SUPERVISION AT THE CURRENT LEVEL
  INTERVENTION AS DEEMED APPROPRIATE

34 OF 57

ON 4-3-01 AT THE AUSTIN II DRO P.O. SARETA DAVIS INSTRUCTED THE OFFENDER
TONY RAY COLEMAN TO ATTEND  D PARTICIPATE IN A SEX OFF  DER TREATMENT
PROGRAM AS DIRECTED BY HIS SUPERVISING PAROLE OFFICER.  ON 5 3-01 DURING A
HOME VISIT AT 6200 PARLIAMENT, AUSTIN, TEXAS 78724 P.O. SARETA DAVIS
INSTRUCTED THE OFFENDER COLEMAN TO REPORT TO SEX OFFENDER THERAPIST TONY
SAATHOFF AT 800 WEST AVE., AUSTIN, TEXAS 78701 ON 5-14-01 AT 9 A.M.  ON 5-
P.O. SARETA DAVIS WAS ADVISED TELEPHONICALLY BY SEX OFFENDER THERAPIST
T.C. SAATHOFF THAT THE OFFENDER FAILED TO REPORT FOR SEX OFFENDER THERAPY
INTAKE ON 5-14-01.


CASE CONFERENCE 5/3/01

EXHIBIT
#19

PREVIOUS INTERVENTION'S
  COUNSELING/COUNSELING-RULE(S):                    DATE(S):
X VERBAL OR WRITTEN REPRIMAND-RULE(S):             DATE(S)      ← 5-3-01
  INCREASED SUPERVISION LEVEL- R  (S):              DATE(S):
  ACTIVITY MONITORING-RULE(S):                      DATE(S):
  HOME CURFEW-RULE(S):                              DATE(S):
  WEEKEND RESTRICTION-RULE(S):                      DATE(S):
  REC/PROGRAM ATTENDANCE-RULE(S):                   DATE(S):
  ISF PLACEMENT-RULE(S):           D DAYS:
  SIOP PRIVILEGE LOSS/LOCKDOWN-RULE(S):              DATE(S):
  INCREASED ALCOHOL TESTING-RULE(S):                DATE(S):
  S.K. PROGRAM PLACEMENT-RULE(S):          DATE(S):
  TREATMENT PROGRAMMING PLACEMENT           DATE(S):
  INCREASED FREQUENCY Y/N            DATE(S):
  UA FREQUENCY INCREASED-RULE(S):           DATE(S):
  BPP IMPOSED INJUNCTIVE/INTERVENTION RULE(S)           DATE(S):


35 OF 57

CONFIDENTIAL

PROGRAM ADMINISTRATOR: K SCHEICK FAI                    DATE: 03  16

DISTRIBUTION: PAROLE OFFICER: SAETA DAVIS
              OFFICE: AUSTIN II DPO
              OFFICER'S USER ID: SDA6847

              UNIT SUPERVISOR: ANGELA PHILLIPS
              OFFICE: AUSTIN II DPO
              UNIT SUPERVISOR'S USER ID: APH9667

              PAROLE SUPERVISOR: GLYKNIS JEON
              OFFICE: AUSTIN II DPO
              PAROLE SUPERVISOR'S USER ID: GGJ5379

ADDITIONAL DISTRIBUTION:

FILE

Sent to:   URNT1              INTERNAL_PROGRAM            (C)
           SDA6847            DAVIS, SAETA               (C)
           APH9667            PHILLIPS, ANGELA M.        (C)
           GGJ5379            GEON, GLYKNIS              (C)

EXHIBIT
#19



*T.C. Saathoff, LPC, RSOTP*
Braithwaite Building
800 West Avenue
Austin, Texas 78701
512-867-0052

Sareta Davis
EXHIBIT #20

# Incident Report

Name of Client: _____Tony Coleman_____

Date of Incident: ___5/14/01___ Date of Report: ___5/14/01___

**Behavior Noted:**

X No Show for Testing and/or Assessment ____No Show for Individual

____No Show for Group ____Refusal to pay fees. Amount due $_____

____Failure to Complete Assignments ____Contact with a Child

____Other:_____

Prior History of Behavior: (Yes) No Chronic: ___5/7/01___

Risk to the Community: Very High High Moderate Low Unknown

Client has Agreed to the Following Plan:_____

_____

Time Limit for Correction: 7 days 14 days 30 days Other:_____

Comments:_____

Recommended Consequences: ____Pay for No show & Reschedule ____Three-Way

____Suspended from group of Program on _____
____Terminated from Group on _____
____Terminated from Program on _____

Prepared by:_____
              T.C. Saathoff

hearing 6-13-0' at 10 am

*R 3 #*



*T.C. Saathoff, M.A., L.P.C.*

LICENSED PROFESSIONAL COUNSELOR
INDIVIDUAL, GROUP, & FAMILY THERAPY

*EXHIBIT #21*

May 28, 2001

Andy Whitener
1616 Headway Circle
Austin, Texas 78754

Re: Revocation hearing for Tony Coleman

Mr. Whitener,

I understand from speaking with Sareeta Davis that you will be conducting the parole revocation hearing for Tony Coleman on June 1, 2001. This letter will serve as an affidavit to the information I have regarding Mr. Coleman. Mr. Coleman was referred to me for an evaluation that was to take place at 9:00 AM on May 7, 2001. Mr. Coleman reported to that appointment approximately 1 ½ hours late. Mr. Coleman was informed that due to his failure to attend the scheduled appointment on time he would need to return the following week, May 14th, at 9:00 AM. Mr. Coleman failed to attend the scheduled appointment on May 14, 2001.

I will not be able to attend the hearing due to my 40th birthday being June first. My family and I have been making plans for some time now for this occasion and I am not willing to change those plans in order to attend this parole hearing.

Sincerely,

T.C. Saathoff, MA, LPC
Registered Sex Offender Treatment Provider
Certified Criminal Justice Specialist

# THE STATE OF TEXAS
## WARRANT



EXHiBiT. #22

Directing Retaking

## ADMINISTRATIVELY RELEASED PRISONER*

(Non-Executive Clemency)

Before Revocation or Rescission of Presumptive/Tentative Parole Date

---

**TO ANY SHERIFF, ANY PEACE OFFICER, ANY OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO SERVE CRIMINAL PROCESS OR TO ANY PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION:**

DOB: **07-05-1960**     DPS#: **02441870**

GREETING:

WHEREAS,  **COLEMAN, TONY RAY**  , TDCJ#/PIA#:  **416086** ,

was convicted of a felony offense in the State of Texas and was sentenced to the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

**AND WHEREAS,** said convicted felon was granted a parole or administrative release and remains in the custody of the Texas Department of Criminal Justice, Parole Division amenable to the orders of the Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles;

**AND WHEREAS,** reliable information has reached the Texas Department of Criminal Justice, Parole Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice;

**NOW THEREFORE,** by virtue of the authority vested in the Texas Department of Criminal Justice, Parole Division by Texas Government Code Ann. §508.251, it is hereby ordered that said administrative releasee, be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Parole Division or the Board of Pardons and Paroles, and for so doing, this shall be your sufficient warrant.

**NOT SUBJECT TO BAIL**



**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**Parole Division**

By: _____

P. O. Box 13401, Capitol Station
Austin, Texas 78711
Area Code (512) 406-5317
Warrant No. 05-16-2001-416086
S. DAVIS/DPO/AUSTIN 2
/DPO/
File

Date of Issuance: **05-16-2001**

*The term "administrative release" includes parole and mandatory supervision, preparole transfer, work program and premature release.
BPP-FS-50 (R 1/98)



JUL 0 2001

EXHIBIT #23

# BOARD OF PARDONS AND PAROLES
## Hearing Section

( ) P    (x) MS    ( ) SC    Other:    <u>Sex Offender</u>
HB1112 <u>YES</u>
START DATE: <u>05-18-01</u>

## HEARING REPORT PROCESSING SHEET
### REVOCATION HEARING

Name: <u>COLEMAN, Tony Ray</u>                    TDCJ & DPS No.: <u>416086/02441870</u>
Date of Hearing: <u>06-29-01</u>        Begin Time: <u>9:10 a.m.</u>    End Time: <u>10;30 a.m.</u>
Releasee's Location: <u>Travis County Correctional Complex, Del Valle, Texas 78617</u>
Releasee Requested a Revocation Hearing    Date Warrant Issued: <u>05-16-01</u>    Executed: <u>05-18-01</u>
Release Date: <u>01-17-01</u>                    Scheduled Discharge Date: <u>07-19-18</u>

Attorney Determination:    ( ) Approved    (X) Disapproved    ( ) Waived    ( ) Retained

| Releasee's Admission/Denials | | | ALLEGATIONS | FINDINGS | | | |
|---|---|---|---|---|---|---|---|
| | | | | HO | | HS | |
| ADMIT | DENY | RULE # | | Y | N | Y | N |
| | X | 8X | Failure to Comply With Special Condition: Enroll and Participate in Sex Offender Treatment Program, on or about 05-14-01 | X | | X | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Recommend | Revoke | PTRH | Non-Revocation Action | ISF | SAFP | RTSS |
|---|---|---|---|---|---|---|
| Field Officer | X | | | | | |
| Hearing Officer | X | | | | | |
| Reviewer | y ( Davik 7-9-01 | | | | | |

Additional Recommendations:                    ☐ Certification Attached

Board Disposition:    ☑ Revoke    ☐ ISF    ☐ SAFP    ☐ Proceed to Revocation Hearing (PTRH)
                    ☐ Return to sending state (RTSS)
☐ Non-revocation action: Pending adjudication of charges
☐ Non-revocation action: Continue Supervision --Reaffirm existing special conditions or modify as noted below:

☐ Non-revocation action: Allow to discharge
☐ Refer case back to hearing officer for further development of factual or legal issues, with or without reopening the hearing, for the following reasons:

Disposition date: __JUL 0 9 2001__
CT:cp    (06-29-01)
DIST:    Central Hearing Section            RELEASEE/Same as above
         Hearing Officer/C. TAYLOR/Austin Hearing    Attorney:  Peter L. BLOODWORTH
         Supervising Officer/ S. DAVIS/ Austin II            603 West 13th Ste. 1A #225
         Agent Officer/A. WHITENER/Austin II            Austin, Texas 78701-1796

HS-135 (R 10-00)                                Page 1 of 2

# NAST, ARKEEN & ASSOCIATES



8307 Shoal Creek Boulevard
Austin, Texas 78757

Phone 512-406-5100
Fax 512-451-0090
Email Jaesler@aol.com



*EXHIBIT #24*

# AFFIDAVIT:

Before me, the undersigned authority, personally appeared Solomon "Jac" Arkeen, MAC, LCDC, CCJS, who, being duly sworn, deposed as follows:

My name is Solomon "Jac" Arkeen . I am of sound mind, capable of making this affidavit, and am personally aquatinted with the facts herein stated:

I, as the representative for the organization of NAST, ARKEEN & ASSOCIATES am the custodian of the records of Tony Ray Coleman whose TDC Number is 416086, Attached hereto are 2 pages of records or statements of records from the file of Tony Ray Coleman. These said 2 pages of records are kept by "NAST, ARKEEN & ASSOCIATES" in the regular course of business of "NAST, ARKEEN & ASSOCIATES" for an employer or representative of same. With knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereto to be included in such record: and the record was made at or near the same time or reasonably soon thereafter. The records attached hereto are the original or exact copies of the original.

## Affiant:

SWORN TO AND SUBSCRIBED before me on this _30_ day of

_May_ , 2001.

Signature of Notary Public, State Of Texas

Notary's printed name: _Belinda Cryer_

BELINDA CRYER
MY COMMISSION EXPIRES
July 22, 2001

My commission expires: STAMP/SEAL:

_July 22, 2001_

EXHIBIT #24

## AFFIDAVIT ATTACHMENT/STATEMENT By: Solomon "Jae" Arkeen, MAC, LCDC, CCJS

My name is Solomon "Jae" Arkeen. I am the co-Director of NAST, ARKEEN & ASSOCIATES, a forensic rehabilitation program in Austin, Texas, Travis County where Tony Ray Coleman was referred and never accepted as a client. I am in receipt of a subpoena dated 5/25/01 for a hearing dated 6/01/2001. Due to prior commitments that I am unable to reschedule to the short notice, I am unable to attend this hearing and respectfully request that the board accept this affidavit as sufficient testimony regarding Mr. Coleman.

Mr. Coleman was referred to our sex offender treatment program on 4/4/01. His parole officer, Ms. S. Davis, made the referral. Mr. Coleman appeared as requested on this date. He completed the necessary intake forms and briefly met with this writer.

He was withholding in his answers and seemingly indignant at questions regarding his alleged sex crime. He stated that he did not do the crime and that "there is DNA testing to prove it." He seemed indifferent to the fact that a 12-year-old female had been raped and more concerned with convincing this writer that he'd been falsely accused.

He appeared to be fairly honest on the "Wilson Sex Fantasy Questionnaire" reporting sexual fantasies consistent with adult males. Of primary concern, were Mr. Coleman's responses to the "Rape Myth Assessment Screening." Mr. Coleman indicated the following beliefs, which are consistent with people who might commit the type of crime he's been accused of. The most concerning responses were as follows:

- ☐ He somewhat disagreed that women who go to a man's apartment on the first date is willing to have sex. *THATS BECAUSE I'M A CHRISTIAN.*

- ☐ He had a neutral response, without any disagreement that women who go braless or wear shorts are asking for trouble.

- ☐ Some women lie and want to get back at men we they report rape.

- ☐ Some women report rape because they get pregnant and want to protect their reputation.

For obvious reasons, these neutral responses are of concern. *What obvious reasons?*

Mr. Coleman paid $0 against a $150 reduced rate fee for the intake and also agreed to attend a follow up appointment on 4/11/01. He did not show or call for this appointment. He did not keep his word regarding the fee agreement. An incident report was sent to his P.O.

On 4/26/01, Mr. Coleman called this writer and left a voice mail stating that he'd like to "reschedule our appointment." It was determined at this point that Mr. Coleman was not eligible for entry into a program such as ours and was unlikely to be successful when such high standards and rigorous commitment would be necessary. *Did I give an explanation?*

His self reports, his extensive history of criminal activity and the criminal versatility he exhibits (including over 30 arrests, substance abuse, property offenses, sex crime accusations and obvious disregard for others would indicate the need for a high risk offender program and perhaps an evaluation to rule out the necessity for involuntary commitment. There's little evidence of a desire to change on the part of Mr. Coleman, at least, from the information available at this time. It is our hope that a man of his potential will gain the insight necessary to succeed. We however are not willing or equipped to treat an offender at this magnitude and level of potential risk to the community. *what potential?*

*what does this mean?*

Respectfully submitted,

Solomon "Jae" Arkeen, MAC, LCDC, CCJS



EXHIBIT #25

## BOARD OF PARDONS AND PAROLES
### Hearing Section

REVOCATION HEARING REPORT

Date: <u>06-29-01</u>

## I.  IDENTIFICATION:

Name: <u>COLEMAN, Tony Ray</u>                    TDCJ#: <u>416086</u>

Home Address: <u>Travis County Correctional Complex</u>

City: <u>Del Valle</u>          County: <u>Travis</u>          TX     Zip Code: <u>78617</u>

The purpose of the hearing was to determine if adequate grounds exist to find that the above named releasee violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A. The following were Hearing Participants:

| Name | Address | Title/Position |
|------|---------|----------------|
| COLEMAN, Tony Ray | SAME AS ABOVE | RELEASEE |
| BLOODWORTH, Peter L. | 603 West 13th St., Ste. 1A #225 Austin, Texas 78701-1796 Phone: (512) 251-2015 | ATTORNEY Appointed |
| DAVIS, Sareta | 1616 Headway Circle Austin, TX 78754 Phone: (512) 339-9142 | PAROLE OFFICER Supervising |
| TAYLOR, Crystal | 2101 E. Ben White Blvd., #1-A Austin, Texas 78741 Phone: (512) 462-3502 | HEARING OFFICER |

B. Listing of Witnesses and Observers:

| Name | Title/Position/Relationship | Witness Adverse / Friendly | |
|------|------------------------------|:---------:|:---------:|
| COLEMAN, Ronald | Father | | X |
| Holt, Pamela | Job Counselor | | X |
| | | | |

## II. NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:

A preliminary hearing was not held in this case. The Preliminary Hearing Report is attached, if applicable.

## III. PRELIMINARY MATTERS AND EVIDENTIARY PHASE:

A. The purpose of the hearing and its implications were explained to the releasee who voiced an understanding of the rights and elected to continue with the hearing.

B. All persons who participated in the hearing were sworn to tell the truth by the hearing officer.

C. The Rule was invoked.

D. There was not a challenge to the neutrality of the hearing officer.

E. Rights of the Releasee:

Releasee, who was represented by Counsel, waived reading of the rights, after voicing an understanding of the rights as listed on the charging instrument, which were previously reviewed with him/her.

F. Amendments and Additions to the Allegations listed on the Charging Instrument: None.

G. Other Preliminary Matters: As follows:

This hearing was originally convened on June 1, 2001, but was continued for the reasons reflected in the HS-141. The HS-141 is included as an administrative document in this report.

H. Additional Information and Status of Criminal Law Charges: None.

I. Motions and Objections / Rulings and Determinations made during the Hearing: None.

J. The following documents were taken into evidence as exhibits and marked as follows:

### STATE'S EXHIBITS

A. Certificate of Administrative Release (8 pages)
B. Sex Offender Program Special Condition Imposition and Acknowledgment Form (3 pages)
C. Violation Report, dated 05-15-01 (4 pages) X
D. Incident Report, dated 05-14-01 (1 page) X
E. Letter Authored by SAATHOFF (1 page) X
F. Subpoena for SAATHOFF (1 page) X

EXHIBIT #25

G. Subpoena for ARKEEN (1 page)

H. Adjustment Statement (1 page, with backside)

I. Notice of Arrest (1 page)

J. Urinalysis Laboratory Report, dated 05-03-01 (1 page)

## **DEFENSE EXHIBITS**

1. Record of Applications Submitted by RELEASEE (1 page)

**IV. HEARING OFFICER'S COMMENTS:** As follows:

T. SAATHOFF was subpoenaed to appear at this hearing but failed to appear. J. ARKEEN was subpoenaed to appear at this hearing. However, he was unable to attend due to a death in the family.

**V. HEARING OFFICER'S FACT FINDINGS AND CONCLUSIONS OF LAW:**

EVIDENCE STANDARD: Preponderance

A. I find from Exhibit A the releasee is under the authority of the Pardons and Paroles Division and is subject to and knowledgeable of the rules and conditions of his/her administrative release status.

B. Regarding the following allegation(s), I find:

RELEASEE was instructed and made aware of all terms and conditions of his/her administrative release; however, he/she failed to faithfully observe the following rule(s):

- (Rule #8X) Comply With Special Condition: Enroll and Participate in a Treatment Program for Sex Offenders, on or about 05-14-01.

I based the above finding(s) on:

- EXHIBIT B (Sex Offender Special Condition Imposition and Acknowledgement Form).

- EXHIBIT C (Violation Report, dated 05-15-01).

- EXHIBIT D (Incident Report, dated 05-14-01).

- EXHIBIT E (Letter Authored by SAATHOFF).

- Testimony of Parole Officer DAVIS: On 05-08-01, during a home visit, she instructed RELEASEE to report for intake on 05-14-01. She had instructed RELEASEE to report for intake on three prior occasions. RELEASEE indicated

25 OF 57

that he understood the instructions and was aware of the location. RELEASEE shook her hand stating that he would attend the intake session. RELEASEE stated that he would make the appointment. She received a phone call from therapist SAATHOFF indicating RELEASEE failed to complete or show up for intake. RELEASEE was initially referred to therapist ARKEEN. However, RELEASEE was not accepted into ARKEEN'S program.

- **Testimony of RELEASEE:** He was initially referred to therapist ARKEEN. He completed a three hour intake session with ARKEEN. Therapist ARKEEN said something to him that was upsetting. He thought he would be required to return to ARKEEN. However, he was advised by Parole Officer DAVIS that therapist ARKEEN did not want to be bothered with him.

  On 05-07-01, he went to see therapist SAATHOFF. He was approximately one hour and 45 minutes late. He was late because he had cut his leg earlier that day. Therapist SAATHOFF told him to contact his parole officer and reschedule the visit. He does not recall contacting his parole officer. Also, he saw an enemy from TDCJ-ID, while he was at SAATHOFF'S office. He knew he would not return to SAATHOFF'S office again after seeing the ex-offender. He meets with a psychiatrist for depression, but is not currently taking medication.

CONCLUSION(S):

- RELEASEE did violate Rule #8X, as alleged.

## VI.   ADJUSTMENT PHASE:

A. Parole Officer: Introduced EXHIBITS H, I, J and presented the following:

RELEASEE is serving a 30 year sentence for Burglary of a Habitation and Burglary of a Building. This is RELEASEE'S second warrant. The first warrant was issued on 02-23-01, for violation of Rules #1 and #3. The Board imposed special condition "P" and RELEASEE was continued on supervision. RELEASEE is ineligible for transfer to an Intermediate Sanction Facility (ISF) or Electronic Monitoring (EM) because he has a pending Theft (Felony) charge. RELEASEE'S adjustment has been unsatisfactory. RELEASEE repeatedly failed to attend Sex Offender intake sessions. RELEASEE failed to attend sessions on 04-11-01, 05-07-01 and on 05-14-01. RELEASEE admitted using Marijuana on 05-03-01 and using Cocaine on 05-18-01. RELEASEE is waiting for an appointment with Mental Health/Mental Retardation – ANEW.

B. Releasee: He was locked up for a long time. He got out of prison thinking he had completed his time. After the Board imposed special condition "P", he thought he would receive help from Mental Health/Mental Retardation (MHMR). He needed help dealing with grief issues. His mother passed away in 1998. If continued on supervision, he will abide by all the rules and conditions of his release. He now realizes he used excuses to avoid attending therapy sessions. He was afraid to attend therapy because he viewed

therapy as an embarrassment. He felt like someone had "throwed" a lot of dirt on him. A friend helped him realize he must follow all rules and conditions of his release.

Testimony of Ronald COLEMAN: He is RELEASEE'S father. Until RELEASEE'S arrest, he thought RELEASEE was doing well. RELEASEE was living in his home and had no problems. RELEASEE has a positive attitude towards supervision. RELEASEE made a diligent effort to deal with parole. RELEASEE was around positive people. RELEASEE expressed grief about the death of his mother and grandmother. RELEASEE had problems adjusting. He believes RELEASEE has learned his lesson. RELEASEE has the support of family and friends.

Testimony of Pamela HOLT: She is employed with the Human Resources Employment Services Division, City of Austin, Texas. On 05-10-01, RELEASEE completed an application and resume, at the Dewitty Job Center. RELEASEE desired a job with the city, which offered benefits. RELEASEE appeared to be intelligent. She was aware of RELEASEE'S criminal history. RELEASEE is still eligible for employment services.

C. Placement Plan, if supervision is continued:

Name and Relationship: Ronald COLEMAN/Father
Street Address: 6200 Parliament Drive
City, County, State: Austin, Texas 78724
Telephone number: (512) 929-9239
Plan is verified.

EXHIBIT

#25

## VII. RECOMMENDATIONS:

### A. FIELD OFFICER'S RECOMMENDATION:
( ) Proceed To A Revocation Hearing
( ) Transfer To A Secure Facility (ISF)
( ) Transfer To A Substance Abuse Felony Punishment Facility (SAFP)
(X) Revoke
( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
      ( ) Allow Releasee to Discharge
      ( ) Pending Adjudication of Charges
      ( ) Continue Supervision under Conditions.
      Modifications:
( ) Return to Sending State
( ) No Recommendation Made. Reason:

### B. HEARING OFFICER'S RECOMMENDATION:
( ) Proceed To A Revocation Hearing
( ) Transfer To A Secure Facility (ISF)
( ) Transfer To A Substance Abuse Felony Punishment Facility (SAFP)
(X) Revoke
( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
      ( ) Allow Releasee to Discharge
      ( ) Pending Adjudication of Charges
      ( ) Continue Supervision under Conditions.
      Modifications:
( ) Return to Sending State
( ) No Recommendation Made. Reason:

## VIII. ATTACHMENTS (as applicable): Exhibits in Section III. J., 2 Cassette Tapes of the Hearing, PSV-48 Charging Instrument, 1 Fee Affidavit Form, 4 Return Copies of Subpoenas issued in this case, Attorney Determination Form, and **0** Continuation Pages.

Submitted by,

*Crystal Taylor*

Crystal TAYLOR
Hearing Officer

CT:cap
Date turned in for Typing: 06-29-01
Date Typing Completed: 07-02-01

DIST: Central Hearing Section                         RELEASEE/Same as above
      Hearing Officer/C. TAYLOR/Austin Hearing
      Supervising Officer/S. DAVIS/Austin II
      Agent Officer/A. WHITENER/Austin II
      Attorney/P. BLOODWORTH/603 W. 13th Street, Ste. 1A #225/Austin, Texas 78701-1796

28 OF 57

EXHIBIT #26

| Date | Offense | Sentence | Disposition |
|------|---------|----------|-------------|
| 2/80 | Burg Habitation | 10Y | Rev and reduced as portion of 1st TDCJ-ID incarc due to 2 felony conv of Thft O/$200 (portion of incarc) |

## IX.  ADULT INCARCERATIONS

| Date | Offense | Sentence | Disposition |
|------|---------|----------|-------------|
| 9/82 | Burg Habit; Theft O/$200 (2) | 4Y/TDCJ-ID | Rel MS 4/84; Ret MSV w/new conv, 2Y for UUMV; Rel MS 5/85; Ret MSV 2/86 w/new conv, new number. |
| 2/86 | Burg Habit; Burg Bldg | 30Y/TDCJ-ID | Parole·10/89; Ret PV 7/91 w/o new conv due to fail to report, pay fees, chnge address w/o permission, arrest for Robbery (reduced to Shoplifting, dismissed); Parole 10/91; Ret PV 11/93 w/o new conv due to fail to report, pay fees, chnge address w/o permission, arrest for Agg SEXUAL Aslt/Child (dismissed), same number. |





EXHIBIT #27

## STATE OF TEXAS
### BOARD OF PARDONS AND PAROLES
### PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:   DPS#: <u>02441870</u>
TDCJ#: <u>416086</u>

WHEREAS <u>TONY RAY COLEMAN</u> was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.
**********************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _____
Board Chairman

ISSUE DATE   <u>07/09/2001</u>
WARRANT NO   <u>07-09-01-416086</u>

BPP-COC-98 (R-07-01-98)

Board of Pardons and Paroles
P. O. Box 13401
Austin, TX 78711
(512) 406-5452
Teletype# BPPZ or ORI# TX227015G
Distribution:
DPS
TDCJ-ID
DETAINING AUTHORITY

1) The releasee, with the Parole Officer acting as a witness, are to sign this form in the spaces provided below. If the releasee refuses to sign the form place the words "refused to sign" in the releasee's signature space.
2) The releasee is to be given a copy of this form as well as the attached Hearing Report.
3) Parole Supervision/Selection Officers must return a signed copy of this form to the Central Office, attached to the all purpose memorandum.
4) If the report cannot be delivered to the releasee, this form and the Hearing Report should be returned to the Central Office, attached to the all purpose memorandum.

## RELEASEE'S MOTION TO REOPEN HEARING

According to Board of Pardons and Paroles Rule # 145.54, a Releasee's Request to Reopen a Hearing for the further development of factual or legal issues must be made forty-five (45) days from the date that the Pardons and Paroles Division has determined to make final disposition of the case by revoking his/her administrative release. Such a reopening shall be granted under the following circumstances and/or the following grounds only:

1) That there is new, relevant, competent evidence which is of probative value on a material issue of fact or law, not merely collateral nor cumulative, which in the exercise of reasonable diligence, was unavailable at the time of the hearing.

2) That the findings of fact and/or conclusions of law are:

   a) not supported by a preponderance of the credible evidence; or

   b) are contrary to law.

3) The procedures followed in the hearing, review and/or disposition of the case are violative of the law or rules of the Board of Pardons and Paroles.

Address your motion to Reopen to:       BOARD OF PARDONS AND PAROLES,
                                        LEGAL SECTION, P.O. BOX 13401, CAPITOL STATION
                                        AUSTIN, TEXAS 78711.

(NOTE: If the Hearing that was held was a Preliminary Hearing, the releasee's signature below is simply an acknowledgement that the Preliminary Hearing Report has been received by the releasee.)

By my signature below, I hereby acknowledge receipt of the report concerning the Hearing held in my case.

RELEASEE'S ACKNOWLEDGEMENT OF RECEIPT

---

RELEASEE'S SIGNATURE                                    DATE

                                                        7-13-01

WITNESS                                                 DATE




EXHIBIT#29

## STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

October 2, 2001

Mr. Tony Ray Coleman
TDCJ-ID# 416086
Travis County Correction Center
3614 Bill Price Rd.
Del Valle, TX 78617

RE:   MOTION TO REOPEN

Dear Mr. Coleman:

I am in receipt of your Motion to Reopen Hearing request postmarked July 27, 2001.

On September 24, 2001, the Board voted to deny your Motion.

Sincerely,

Amy Turner
Assistant General Counsel

AT/fj
Cc:  File

EXHIBIT #30

**INMATE**  ☑ **REQUEST**  ☐ **COMPLAINT**  ☐ **GRIEVANCE**

Date: 12-9-01   Reviewed By (Employee Initials & Emp #): SH 3268

TO: HUGES POST OFFICER E-SHIFT   *Return to Inmate*

FROM: TONY RAY COLEMAN   DOB: 7/5/60

Building / Unit / Cell: 1-D-24B   Booking #: 01-20308

I WOULD LIKE TO KNOW IF DELUALIE
CORRSOTIONAL COMPLEX HOUSES SEX OFFENDER
AT WORK-RELEASE C.C.A FROM PRE-PAROLE.
COMING FROM TDCJ-ID.

**Staff Action / Response**

Yes.

540P57

Responding Employee & Emp #          Date

EXHIBIT #31

| NAME | COLEMAN | TONY | | TDC NUMBER | 460860 | |
|---|---|---|---|---|---|---|
| MO | DAY | YEAR | BOARD ACTION | REASON AND/OR INSTRUCTIONS | | |
| OCT | 0 8 | 1992 | Issue Emergency Warrant. Declare Absconder | Ann McVea | | |
| | | | APPROVED BY PAROLE PANEL | Sanchez + Escobedo | | |
| 10 | 9 | 92 | ENTERED / CANCELED NCIC / TCIC | | | |
| | | | ADy | | | |
| OCT | 29 | 1992 | WARRANT CONFIRMED | | | |
| | | | ENTERED / CANCELED NCIC / TCIC | | | |
| | | | | | | |
| FEB | 0 2 | 1993 | GO TO REV. HEARING | ACTION APPROVED BY PAROLE PANEL | | |
| | | | Kyle / Elmore | Bachicha | | |
| 04 | 12 | 93 | REVOKE | BECHTOL / FOX | | |
| | | | | ommcnitO | | |
| 12 | 3 | 93 | Request to open Reope Rev. hearing process is denied. | | | |
| | | | | Escobedo / Elmore | | |
| | | | | Bachicha | | |

EXHIBIT #31

| NAME | Coleman, Tony | | | T.D.C. NUMBER 416086 |
|---|---|---|---|---|

| DATE MO | DAY | YEAR | BOARD ACTION | REASON AND/OR INSTRUCTIONS |
|---|---|---|---|---|
| | | | | |
| 2 | 2 | 94 | 1-94 | INIT. REV. RETURNED P/V MANDATORY SUPERVISION |
| | | | | |

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## BOARD OF PARDONS AND PAROLES DIVISION
### MINUTES

EXHIBIT #31

NAME: Coleman, Tony Ray     T.D.C. NUMBER: 416086

| MO. | DAY | YEAR | BOARD ACTION | REASON AND/OR INSTRUCTIONS |
|-----|-----|------|--------------|----------------------------|
| 6 | 6 | 94 | 12/93 | ID Calculated Review |
| | | | | |
| 6 | 15 | 94 | CRD 6/96 ✓ | 2, 6, 7, 8, 10, 13, 22 |
| | | | | |

# BOARD OF PARDONS AND PAROLES
## MINUTES



EXHiBiT #31

| NAME | Coleman, Tony | TDCJ # 416086 | SID # 0244 1870 |
|---|---|---|---|

| MO | DAY | YEAR | BOARD ACTION | REASON AND/OR INSTRUCTIONS |
|---|---|---|---|---|
| | | DATE | | |
| 3 | 14 | 96 | NR 6/77 | DRc |
| | | | **EXECUTIVE COMMITTEE ACTION** | |
| 6 | 19 | 96 | SR Request denied; notify requester that status remains set | |
| 2 | 3 | 97 | NR 6/48 | 05 DRc |
| 2 | 10 | 98 | NR 6/00 | 05 DRc |
| 4 | 10 | 00 | FI 6/00 | 8,9 DRc S 0- legal RP |
| 5 | 5 | 00 | SA | 01, 05 |
| 1 | 16 | 01 | Impose O- Offender shall reside in the Travis County jail Work Program for a period of up to 180 days for the purpose of temporary housing until employment and financial resources have been obtained for development of a suitable release residence plan Riel/Rogers young KR | |
| 1 | 16 | 01 | MANDATORY RELEASE PLAN 1-16-01 APPROVED ISSUE MANDATORY SUPERVISION CERTIFICATE 19R | Impose same Condition as above |
| 02 | 23 | 01 | Issue Pre-Revocation Warrant | |
| 02 | 23 | 01 | ENTERED/ RIN/CF | |

PSL-121

EXHIBIT #31

| NAME Coleman, Tony Ray | | | TDCJ # 416086 | SID # 0244l870 |
|---|---|---|---|---|

| MO | DAY | YEAR | BOARD ACTION | REASON AND/OR INSTRUCTIONS |
|---|---|---|---|---|
| 3 | 1 | 01 | ~~ENTERED~~ / CANCELED NCIC / TCIC | |
| | | | | CONFIRMED WARRANT    ALF/89 |
| | | | | |
| 3 | 27 | 01 | Withdraw Warrant | |
| 3 | 27 | 01 | ~~ENTERED / CANCELED NCIC/TCIC~~  KS | NO RECORDS |
| | | | | |
| | | | | |
| 03 | 19 | 01 | Non-Revocation Action | Impose: "8P" |
| | | | Continue Supervision | |
| | | | | Shaw/Burwell |
| | | | | 13 H·S |
| | | | | |
| 5 | 16 | 01 | Issue Warrant | |
| 5 | 16 | 01 | Entered / ~~Canceled~~ NCIC/TCIC  H/89 | |
| 5 | 18 | 01 | ~~Entered~~ / Canceled NCIC/TCIC | |
| | | | | confirmed warrant    mcm/89 |
| | | | | |
| 07 | 09 | 01 | REVOKE | Bush/Shaw |
| | | | | Chanos |
| | | | | |
| 09 | 17 | 01 | DENY MOTION | PVB |
| | | | TO REOPEN | |

# BOARD OF PARDONS AND PAROLES DIVISION
## MINUTES

EXHIBIT #31

COLEMAN, TONY RAY

N: 416086     02441870     #     SID #

| DATE | | | BOARD ACTION | REASON AND/OR INSTRUCTIONS |
|------|------|------|--------------|---------------------------|
| MO | DAY | YEAR | | |
| | | | | CURRENTLY AN INMATE |
| | | | | |
| | | | | |
| | | | | |
| 12 | 29 | 00 | NR 12/03 | 10D Peer Release H. st. |
| | | | | OSP VB |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*EXHIBIT #32*

**COUNTY OF TRAVIS**
**STATE OF TEXAS**

**AMALIA RODRIGUEZ-MENDOZA**
District Clerk

P.O. Box 1748
Austin, Texas  78767

Friday, February 01, 2002

COLEMAN, TONY RAY
41686

TRAVIS COUNTY CORRECTIONAL COMPLEX

      RE:  Application for Post Conviction Writ of Habeas Corpus
           Cause Number:  80100-a
           Ex Parte:  COLEMAN, TONY RAY
           In the 147TH Judicial District Court of Travis County, Texas

Dear Sir:

    Your application for post conviction writ of habeas corpus has been received and filed on 2/1/02, and bears the above cause number.

    A copy of your application for post conviction writ of habeas corpus has been forwarded to the District Attorney of Travis County, Texas.

                    Respectfully,

                    AMALIA RODRIGUEZ-MENDOZA
                    District Clerk, Travis County, Texas

                    By:
                    Deputy

copy to:  District Attorney, Travis County, P.O. Box 1748, Austin, TX  78767

COPY

EXHIBIT #33

NO. 80100-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 147th JUDICIAL DISTRICT |
| | § | |
| TONY RAY COLEMAN | § | TRAVIS COUNTY, TEXAS |

FINDINGS OF FACT, RECOMMENDATION, AND
ORDER TO TRANSMIT HABEAS CORPUS RECORD
(POST CONVICTION APPLICATION)

ON THIS _____ day of _____, 2002, came on to be considered the

Application for Writ of Habeas Corpus in the above cause. The Court has considered

evidence in the form of testimony, affidavit, judicial notice and/or personal recollection.

Having considered said evidence, the court makes the following findings of fact and

conclusions of law:

**Findings of fact:**

a) Applicant was convicted of burglary of a habitation in cause number 80100 in the
147th District Court of Travis County, Texas, and a judgment was entered on
February 11, 1986;

b) A reportable conviction for purposes of sex offender registration requirements
under Chapter 62 of the Code of Criminal Procedure, Sex Offender Registration
Program, includes the offense of burglary;

c) Chapter 62 applies to reportable convictions occurring on or after September 1,
1970; and,

d) Applicant has failed to allege facts that, if true, would entitle him to relief.

**Conclusions of law:**

1

EXHIBIT # 33

Under the terms of Applicant's application, he has committed a reportable offense under Chapter 62.

On the basis of the above findings and conclusions the court recommends that relief be DENIED as to the following:

The court hereby ORDERS that the District Clerk of Travis County prepare and transmit the record herein to the Court of Criminal Appeals.

_____
JUDGE PRESIDING

NO. 80100-A

| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 147TH JUDICIAL DISTRICT |
| | § | |
| TONY RAY COLEMAN | § | TRAVIS COUNTY, TEXAS |

## STATE'S GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State, by and through its District Attorney for Travis County, Texas, in the above numbered and entitled cause, and respectfully files the following answer:

I.

Respondent generally and specially denies each and every allegation of fact made by applicant except that Respondent has custody of applicant.

II.

Respondent has custody of applicant pursuant to his conviction in cause number 80100 in the 147th District Court of Travis County, Texas. Applicant was convicted of burglary of a habitation and sentenced to thirty years imprisonment in the Texas Department of Criminal Justice - Institutional Division. A judgment was entered on February 11, 1986.

III.

Applicant complains the parole board has illegally forced him to register as a sex offender and attend classes relating thereto. Chapter 62 of the Code of Criminal Procedure, Sex Offender Registration Program, includes the offense of burglary within the definition of a reportable

1

conviction for purposes of sex offender registration requirements in certain factual situations as follows:

> (5) "Reportable conviction or adjudication" means a conviction or adjudication, regardless of the pendency of an appeal, that is (D) a conviction for a violation of Section 30.02 (Burglary), Penal Code, if the offense is punishable under Subsection (d) of that section and the defendant committed the offense with intent to commit a felony listed in Paragraph (A) or (C). *See* Code Crim.P. art. 62.01(5)(D).

Subsection (d) of section 30.02 (Burglary) states that an offense under this section is a felony of the first degree if (1) the premises are a habitation; and (2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft. *See* Penal Code, § 30.02(d). Paragraph (A) of article 62.01(5) states that a reportable conviction is a conviction for a violation of Section 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code. Paragraph (C) of article 62.01(5) states that a reportable conviction is a conviction for a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed to offense with intent to violate or abuse the victim sexually.

Article 62.11 states that Chapter 62 applies only to a reportable conviction occurring on or after September 1, 1970. Applicant's conviction occurred on February 11, 1986.

## IV.

Applicant has failed to meet his burden of alleging facts that, if true, would entitle him to relief. Ex parte Maldonado, 688 S.W.2d 114 (Tex.Cr.App. 1985). Under the terms of his application, the applicant has committed a reportable offense under Chapter 62 of the Code of Criminal Procedure.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays this Court to find that applicant has alleged no fact which would entitle him to the relief requested, and to recommend that relief be denied.

Respectfully submitted,

RONALD EARLE
District Attorney
Travis County, Texas

Shelley A. Scott
Assistant District Attorney
State Bar No. 17915700
P.O. Box 1748
Austin, Texas 78767
(512) 473-9400
Fax No. 473-4206



EXHIBIT 37

# OFFICE OF THE
# DISTRICT ATTORNEY

P.O. Box 1748, Austin 78767
Telephone 512/473-9400
Telefax 512/473-9695

**RONALD EARLE**
DISTRICT ATTORNEY

**ROSEMARY LEHMBERG**
FIRST ASSISTANT

April 15, 2002

Tony Ray Coleman
I.D. No. 416086
TDC Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Dear Sir:

Enclosed is the State's response to the application for writ of habeas corpus that you have filed. This answer and proposed findings of fact/ conclusions of law will be submitted to the trial court two weeks from the above date. The court will consider your application based on the documents submitted. No hearing is required.

Sincerely,

Bryan Case
Assistant District Attorney

EXHIBIT #3



## COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

TROY C. BENNETT, JR
CLERK
512 463-1551

RICHARD E. WETZEL
GENERAL COUNSEL
512 463-1600

DATE: _June 25, 2002_

Dear Mr. _Coleman_          RE: Writ No: _52,281-01_

Your letter has been received.  Please be advised:

___ Your application for habeas corpus relief must be filed in the trial court.

___ Motions for Rehearing or Reconsideration from denials of habeas corpus relief are not authorized under Tex.R.App.Pro. 79.2(d).  The Court has not decided, on its own initiative, to reconsider your case.

___ The Court of Criminal Appeals does not provide copies of any records for free.  Our charge is $1.00 per page payable in advance with the money order being made out to Clerk, Court of Criminal Appeals.  Copies may be obtained cheaper through the State Law Library.  Please contact that agency for assistance.  **No. Of Copies of Writ Application:** _____  **Cost:**_____

___ Your records will not be returned to you because once records are received in this Court they become the permanent records of this Court.

_X_ Your application for writ of habeas corpus has been received.  The status is: Case was denied 5/29/02

___ **Pending:** You will be notified when a decision is reached.

___ Other:_____

___ The Court of Criminal Appeals does not investigate any matter not directly pending before us.

___ Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

___ The Court of Criminal Appeals does not provide forms.

Sincerely,

*Troy C. Bennett*

SUPREME COURT BUILDING  201 WEST 14TH STREET  ROOM 106  AUSTIN, TEXAS 78701
WEBSITE WWW.CCA.COURTS.STATE.TX.US

I have this day received and presented to the Court the
application for writ of habeas corpus.

EXHIBIT #35



TONY RAY COLEMAN  TDCJ #####
#### COUNTY CORRECTIONAL COMPLEX

ROBERTSON UNIT
12071 FM 3522
ABILENE TX 79601



---

RE: Writ No. 80,081-01
STYLE: Tony Ray Coleman
TRIAL CT NO: 80,100-A
May 29, 2002

EXHIBIT #36

This is to advise that the Court has denied without
written order the application for writ of habeas corpus.

INTERAGENCY MAIL
TDCJ COURIER

41 6054
333

R1-017

TONY RAY COLEMAN  TDCJ #####
### ROBERTSON UNIT
#### FM 3522
ABILENE TX 79601