FILED
AUSTIN DIVISION
2003 MY 30 PM 12: 31
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| TONY RAY COLEMAN, § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-02-CA-578-JN | |
| § | | |
| JANIE COCKRELL, Director, Texas Dept. § | | |
| of Criminal Justice-Institutional Division, § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable James R. Nowlin, Chief United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective January 1, 1994.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); Petitioner's response thereto (Document 9); Respondent's Supplemental Answer (Document 16); Petitioner's response thereto (Document 17) and Respondent's Advisory to the Court (Document 18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

19

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number 80,100, styled <u>the State of Texas v. Tony Ray Coleman</u>. Petitioner was charged with the felony offense of burglary of a habitation, enhanced as a habitual offender. He entered a plea of not guilty and was tried by a jury, which on February 11, 1986, found him guilty. The court assessed punishment of imprisonment for thirty years. Petitioner was released on mandatory supervision on January 17, 2001. However, his mandatory supervision was revoked on July 9, 2001. In his habeas application Petitioner is not challenging his underlying conviction. Instead, he is challenging the revocation of his mandatory supervision. Petitioner also challenged the revocation of his mandatory supervision in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied his application without written order. <u>Ex parte Coleman</u>, Appl. No. 42,281-01.

### B. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. He was denied a hearing to challenge his sex offender status;

2. He was illegally classified as a sex offender and forced to participate in sex offender therapy;

3. His classification as a sex offender violates the prohibitions against ex post facto laws; and

4. His parole hearing was illegal.

C. **Exhaustion of State Court Remedies**

Respondent contends Petitioner has exhausted his state court remedies with regard to only one of his claims – the claim that he was illegally classified as a sex offender and forced to participate in sex offender therapy. A review of the state court records submitted by Respondent shows that Petitioner raised only this one issue in his state application for habeas corpus relief. However, he did raise his additional claims in his reply to the State's general denial. Ex parte Coleman, Appl. No. 52,281-01, Supplemental Transcript at 4-21. The reply was filed in April 2002, before the trial court issued its findings of fact, recommendation and order to transmit habeas corpus record. Id. at 2-3. There is nothing in the record to suggest the trial court considered the reply as untimely filed. It does appear, however, that the trial court ignored the reply as the court did not address in its Findings of Fact, Recommendation and Order to Transmit Habeas Corpus Record any of Petitioner's newly raised claims. Out of an abundance of caution the Court considers Petitioner's claims exhausted.

## DISCUSSION AND ANALYSIS

A. **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

4

## B. Classification Issues

Petitioner argues he was illegally classified as a sex offender and forced to participate in sex offender therapy. In addition he argues he was denied a hearing to challenge his classification as a sex offender and his parole hearing was illegal. The Court presumes Petitioner is arguing his parole hearing was illegal because he had been illegally classified as a sex offender.

As explained by Respondent, the parole board had the authority to set conditions of parole or mandatory supervision, including special conditions. TEX. GOV'T CODE § 508.044(b)(2) (West 2002). Specifically, a parole panel may impose as a condition of parole or mandatory supervision any condition that a court may impose on a defendant placed on community supervision under Article 42.12, Code of Criminal Procedure. TEX. GOV'T CODE § 508.221 (West 2002). Under the Texas Code of Criminal Procedure, the courts can impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. TEX. CODE CRIM. PROC. Art. 421.12 § 11(a) (West 2002). Moreover, there is nothing new about the authority of the parole board to impose necessary conditions on inmates released to mandatory supervision. The law in effect at the time Petitioner was convicted authorized the parole board to "adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the eligibility of prisoners for parole and mandatory supervision, the conduct of parole and mandatory supervision hearings, or conditions to be imposed upon parolees and person released to mandatory supervision." TEX. CODE CRIM. PROC. art. 42.18, § 8 (g) (Vernon 1986) (since repealed).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

5

determination of facts in light of the evidence. As demonstrated by the Parole Revocation Packet attached to Respondent's Supplemental Answer [#16], the Parole Board had good reason to impose Petitioner's sex offender status. Accordingly, Petitioner's claim does not warrant federal habeas relief.

C.     **Ex Post Facto**

Petitioner also contends his classification as a sex offender violates the prohibitions against ex post facto laws. The Fifth Circuit recently decided neither sex offender therapy nor registration violate the prohibitions against ex post facto laws because the intent of such laws is not punitive. See Rieck v. Cockrell, 321 F.3d 487, 488 (5th Cir. 2003) (sex offender therapy was not intended to be punitive and serves important nonpunitive goals); Moore v. Avoyelles Correctional Center, 253 F.3d 870, 872 (5th Cir. 2001) (sex offender notification laws not ex post facto). Accordingly, Petitioner's claim has no merit.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 30TH day of May, 2003.

STEPHEN H. CAPELLE
UNITED STATES MAGISTRATE JUDGE